## LANDIS v. ABRAHAMS.

1. APPRAISEMENT LAW. The act entitled "an act to provide for the appraisment of property sold under execution," approved March 31st, 1860, is not retrospective in its operation.

*Appeal from Wapello District Court.*

WEDNESDAY, DECEMBER 12.

AT the December Term, 1860, of the Wapello District Court, a decree was entered in favor of the plaintiff, foreclosing the defendant's equity of redemption in certain property by him mortgaged to the plaintiff, to secure certain promissory notes, and ordering the sale of the same. A special execution was issued commanding the sheriff to sell the mortgaged premises pursuant to the decree. At the May Term following, the defendants asked the court to make an order requiring the sheriff to make the sale in conformity with the provisions of the act entitled "an act to provide for the appraisement of property sold under execution," approved March 31st 1857. To the refusal of the court to make this order, the defendant excepted and now appeals to this court.

*Hendershott & Burton* for the appellant, relied upon section 2211 of the Code of 1851, and the dissenting opinion of McLEAN J. in *Bronson* v. *Kinsie*, 1 How. (U. S.) R. 311.

*C. C. Nourse*, for the appellee.

LOWE, C. J.—The only question for revision in this case is whether the act providing for the appraisment of property sold under execution, approved March 31st 1860, should have a retrospective operation so as to include past contracts. This question was settled so far as this court is concerned in the case of *Rosier* v. *Hede*, 10 Iowa 470.

The action of the court below, refusing to direct the sheriff to observe the provisions of said law in making sale of appellant's property is affirmed.