## Du Boise, McGovern & Co. v. Bloom.

1. **Execution**: STAY: JUDGMENT PRIOR TO CODE. The provisions of the Revision relating to stay of execution govern in judgments rendered before the Code came into effect.

2. ——: SURETIES: FAILURE TO JUSTIFY. A stay of execution, otherwise properly taken, is not invalidated by the failure of the Clerk to require the sureties to justify, as required in Section 3062 of the Code.

*Appeal from Pottawattamie Circuit Court.*

TUESDAY, JUNE 16.

On the 27th day of August 1873, plaintiff recovered in the Pottawattamie Circuit Court, a judgment for $831.07. The term at which the judgment was rendered adjourned on the 13th day of September, 1873. Within ten days after the

adjournment of the term, the defendant filed in the office of the clerk of the court a stay bond which was duly approved, but on which the sureties did not justify.

On the 23d of October, 1873, the plaintiff filed a motion before the judge of the Circuit Court at Chambers, for an order requiring the clerk of the Circuit Court to issue an execution in said action. The judge sustained this motion, and ordered the clerk without unnecessary delay to issue execution upon the judgment. Defendant appeals.

*Montgomery & James*, for appellant.

*Paige & Clarke*, for appellees.

DAY, J.—Four days intervened between the date of the rendition of the judgment and the first day of September, 1873, when the Code took effect. Code, section 49. The principal question involved is whether the stay of execution in this case is governed by the provisions of section 3294 of the Revision, in force when the judgment was rendered, authorizing the stay within ten days from the expiration of the term at which judgment is rendered, or by the provisions of section 3061 of the Code, in force when the stay was procured, requiring the stay to be taken within ten days from the entry of judgment. Anomalous results might flow from holding the latter law applicable.

Suppose the judgment in question had been rendered on the 21st day of August. The defendant under the law then in force would have ten days from the adjournment of the term within which to take his appeal. But on the 1st day of September, when the Code goes into operation ten days from the rendition of judgment have elapsed, and no stay can be taken if the Code is applicable. The result is that a party must take notice of the law, and conform himself to its provisions even before it goes into operation, or be deprived of substantial rights. We are not aware that the maxim that every one is conclusively presumed to know what the law is, has ever been extended so far as to require him to know what the law is to be.

We do not deny that it may be competent for the legislature so to change the law as to abridge, or even take away, the right to a stay of execution existing when the contract was made, or the judgment rendered. But the intention to do so should be clearly expressed. The contrary intention clearly appears. Section 47 of the Code is as follows: "All public and general statutes passed prior to the present session of the general assembly, and all public and special acts, the subjects whereof are revised in this Code, or which are repugnant to the provisions thereof are hereby repealed, subject to the limitations and with the exceptions herein expressed." Section 50 is as follows: "This repeal of existing statutes shall not affect any act done, any right accruing or which had accrued or been established, nor any suit or proceeding had or commenced in any civil cause before the time when such repeal takes effect; but the proceedings in such cases shall be conformed to the provisions of this Code as far as consistent." This section clearly exempts the judgment in question from the operation of section 3061. By this judgment a right had been established, to-wit: a right to have execution against the property of defendant, subject to the contingency of being suspended for a time by a stay bond filed within ten days from the adjournment of the term at which the judgment was rendered. This right is not to be affected by the Code. But if the operation of the Code is to limit the time within which a stay bond must be filed, then this right, established when the Code took effect, is enlarged and hence affected.

*1 execution: stay: judgment: prior to code.*

The judgment established the right of defendant to suspend its enforcement by filing a stay bond within a given time. If section 3061 applies to this judgment, this right of defendant is abridged. The established right of neither party can be affected by the provisions of the Code.

II. It is claimed that the stay should be disregarded because of the failure of the clerk to require the sureties to justify as provided in section 3062 of the Code. The preceding section provides that there may be a stay of execution, if the defendant shall procure one or more suffi-

*2. surety: failure to justify.*

cient freehold sureties to enter into a bond, acknowledging themselves security for defendant for the payment of the judgment. It is not made a condition of the stay, that the sureties shall make affidavit as to the value of their property. Section 3062 is as follows: "Officers approving stay bonds shall require the affidavit of the signers of such bond, that they own real estate not exempt from execution, and aside from incumbrance, to the value of twice the amount of the judgment." Whatever liability the officer may incur on account of a failure to observe the provisions of this statute, we are clear that such failure does not invalidate a stay otherwise regularly taken. It is a general rule of law that statutes directing the mode of proceeding of public officers, relating to time and manner are directory. See cases cited in Hammond's Digest, page 722. In our opinion the court erred in directing execution to issue notwithstanding the stay.

REVERSED.