## SCHMIDT v. HOLTZ.

1. **Husband and Wife**: SEPARATE PROPERTY OF WIFE: LIABILITY FOR DEBTS OF HUSBAND. Under the Code the separate property of the wife cannot be taken for the husband's debts, even though it be reduced to the possession of the husband, and the creditor have no notice of the husband's interest therein.

2. ——: ——: CHANGE OF STATUTE. Execution having been levied upon the wife's property after the Code took effect, for debts of the husband contracted before that time, it was *held* that the provisions of the Revision subjecting the property to liability would apply. ADAMS, J., *dissenting*.

*Appeal from Kossuth Circuit Court.*

FRIDAY, OCTOBER 20.

REPLEVIN to recover two colts. There was a trial to the court without a jury, and a judgment for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*Parsons & Lewis*, for appellant.

*George E. Clark*, for appellee.

BECK, J.—The cause was tried in the court below upon the following agreed statement of facts:

"1. That plaintiff owns the property in controversy, and has so owned the same since 1869.

"2. That defendant has judgment for thirty dollars, obtained in the District Court of Kossuth county, Iowa, against John Schmidt, plaintiff's husband, and rendered in 1870; and the defendant claims possession of the property under a levy by the sheriff, under an execution issued on said judgment, January 1, 1875.

"3. No notice was ever filed in the office of the recorder of Kossuth county, Iowa, where plaintiff resided, as required by Sec. 2502, Revision 1860, of her ownership, either before or since the repeal of said law.

"4. The officer making said levy had no actual notice of plaintiff's ownership of said property.

"5. Said property was left in the possession and control of her husband, John Schmidt, execution defendant, and both before and since the repeal of said Sec. 2502, Revision 1860, and at the time said debt was contracted, was so in his possession and under his control."

The first paragraph of this statement is not to be understood in the sense which would cause it to announce the conclusion of law that plaintiff's title to the property is absolute and paramount to any claim defendant has thereon under the execution, but rather that in 1869, she owned the property and has not parted with it unless her right is defeated by the law as applicable to the facts presented in the statement.

It becomes necessary to consider certain legislation of this state in order to determine the question presented for our decision.

The Revision, which was in force at the time plaintiff's judgment was rendered, contained the following provisions relative to the rights of the husband and wife in property owned by the latter:

"Sec. 2499. The personal property of the wife does not vest at once in the husband, but if left under his control it will, in favor of third persons acting in good faith, and without knowledge of the real ownership, be presumed to have been transferred to him.

"Sec. 2500. If the wife has such property which she leaves under his control she must, in order to avoid the entire surrender of her interest therein, file for record with the recorder of deeds a notice stating the amount in value of such property and that she has a claim therefor out of the estate of her husband, and if during her lifetime he dies or becomes insolvent, she shall be deemed a preferred creditor of the estate to that amount without interest, and may hold and control the same in her own right; but this preference shall not prejudice the interest of those creditors who became such after the property was placed under her husband's control and before the filing of the notice aforesaid, unless they had knowledge of her right in that respect.

"Sec. 2502. Specific articles of personal property may be

owned by the wife exempt from the husband's debts, although left under his control, if during his life and prior to its being disposed of by him or levied upon for his debts, notice of her ownership is filed for record with the recorder of deeds of the county. But such notice shall not exempt her property from liability for his debts contracted after it was left under his control and before the filing of the notice aforesaid except as against those having knowledge of her rights."

Now it will be observed that these provisions do not affect the title of the wife to property left in the possession of her husband; they give the creditor of the husband, under the circumstances contemplated, the right to enforce his debt against the wife's property. Sec. 2499 expressly declares that such property vests in her husband only in favor of third persons acting in good faith, etc. The thought is carried through all the sections that the wife continues to be the owner of her property held by the husband, but it is subject to his debts under the conditions specified. We may conclude that the relation of husband and wife does not divest her of the title of personal property held by her at marriage, or subsequently acquired, except as to the creditors of the husband having no notice of the ownership.

But while the title of the property remains in the wife the creditor has the right to take it in satisfaction of the husband's debt. This right he holds against the wife. The law declares that her property shall be subject to his debt, and may be taken on execution issued upon a judgment rendered therefor. As to the creditor this property is to be regarded as though it were absolutely the husband's.

The foregoing provisions were repealed by the Code, and the following take their place: "Sec. 2202. A married woman

1. HUSBAND and wife: separate property of wife: liability for husband's debts.

may own in her own right real and personal property acquired by descent, gift, or purchase, and manage, sell, convey and devise the same by will, to the same extent and in the same manner that the husband can property belonging to him."

"Sec. 2203. Where property is owned by either the husband or wife, the other has no interest therein which can be

the subject of contract between them, or such interest as will make the same liable for the contracts or liabilities of either the husband or wife, who is not the owner of the property, except as provided in this chapter."

Under this enactment the property of the wife cannot be taken in payment of the husband's debts, even though it be reduced to the possession of the husband, and the creditor have no notice of the wife's interest therein.

The property in the case before us was seized upon an execution issued after the Code took effect. We are to inquire whether the provisions of the Code just quoted apply to protect the wife's property involved in this suit.

If we should reach the conclusion that they do have that effect, the result would be that property, which defendant, 2. ——: ——: under the contract that he is endeavoring to enchange of statute. force, had the right to take in execution, is by the later enactment exempted therefrom. The statute so construed would impair his substantial rights under that contract, and defeat a remedy which he possessed when the contract was made. But the law then in force relating to the remedy, so far as it involved substantial rights, became a part of the contract. Subsequent legislation cannot impair or take away these rights. Code, § 50. *Rosier v. Hale*, 10 Iowa, 470; *Landis v. Abrahams*, 11 Iowa, 284. We will not be understood as expressing the thought that remedies upon contracts, so far as their form and the manner of their enforcement are concerned, may not be changed or modified by the legislature. It is only in those matters pertaining to the remedy which affect the right of the creditor, that the legislative power is restricted.

Applying these views to the case before us we reach the conclusion that plaintiff's property is subject to the debt of her husband and was lawfully seized upon the execution.

REVERSED.

ADAMS, J., *dissenting.*—The defendant made no contract with the plaintiff, nor did he acquire any right in her property. She could sell it and give a good title even to a person who had knowledge of all the facts. Had defendant levied

upon the property while the Revision was in force, he would I think have acquired such right as would have been saved by section 50 of the Code, although it might not have amounted to a vested right. No levy having been made until the Code took effect, I think the property cannot be subjected to the payment of defendant's judgment.