MARTIN B. CUTLER AND GEORGE R. MICKELWAIT, PLAINTIFFS IN ERROR, v. J. J. ROBERTS, DEFENDANT IN ERROR.

1. **Principal and Surety:** BOND: CONDITIONS. A bond which is perfect on its face, apparently duly executed by all whose names appear therein, which purports to be signed and delivered

Cutler v. Roberts.

by the several obligors, and is actually delivered by the principal without stipulation, reservation, or condition, cannot be avoided by the sureties upon the ground that they signed it upon the condition that it should not be delivered unless it should be signed by other persons, who did not sign the same, if the obligee had no notice of such condition, and nothing to put him on inquiry as to the manner of its execution.

2. ———: ———. LIABILITY OF SURETY: Where a bond contains in the obligatory part the names of several persons as sureties, if a part sign the same with an understanding, and on the condition that it is not to be delivered to the obligee until it is signed by all whose names appear in the obligatory part thereof as sureties, it will not be valid as to those that do sign until the condition is complied with.

3. ———: ———: ———. If there is anything on the face of the bond, or in the attending circumstances, to apprise the obligee that the bond has been delivered by the sureties to the obligor, to be delivered to the obligee only upon certain conditions which have not been complied with, the sureties may plead the failure to comply with the conditions as a defense in an action on the bond.

4. ———: ———: ———. A statutory bond must conform substantially to the requirements of the statutes in respect to its penalty, conditions, form, and number of sureties. The statute in such case enters into and forms a part of the contract, and a surety may insist, as a defense in an action on such a bond, signed by but one surety where two are required, that he is not liable thereon, the bond not being perfect on its face, unless he waive the defect.

ERROR to the district court for Cass county. Tried below, before POUND, J. The facts appear in the opinion.

*E. L. Kelley* and *R. B. Windham,* for plaintiffs in error.

Where a person signs his name in blank as surety to a bond, and hands it to his principal to have completed and signed by others and handed over to the proper authority, he makes that person his agent for the whole

business, and is estopped and bound by his action, without regard to any secret instructions as to any conditions on which it should be completed and filled. *McCormick v. Bay City*, 23 Mich., 457. *Smith v. Peoria*, 59 Ill., 412. *The State v. Garton*, 32 Ind., 1. *Wright v. Harris*, 31 Iowa, 272. *Johnson v. Weatherwax*, 9 Kan., 75.

A bond executed with one surety may be enforced, notwithstanding the statute under which it was given requires two sureties, if it does not provide that any other shall be void. *Bank v. Cresson*, 12 Sergt. and Rawle, 306. *The People v. Johr*, 22 Mich., 461. *Insurance Co. v. Brooks*, 3 Am. Law Reg., N. S., 502, note.

The defendant in error, in his evidence, completely failed to show that he signed said stay bond upon condition that another should sign with him, or that there was anything further to be performed prior to delivery whatever. Nor is it even claimed that any particular person should sign with him, or that the bond should not be delivered until the signature of another surety was obtained.

*Chapman & Sprague*, for defendant in error.

For the sake of this argument suppose we admit that this *is* a good bond at common law, but is not good as a statutory bond that will authorize a stay of execution under our statute, then it becomes important to inquire what are the liabilities incurred by the giving of such a bond, and the rights acquired thereunder, and in order to do this we ask what was the object to be obtained by giving said bond? Why of course it was to obtain a stay of execution upon this judgment, and if none was authorized by this bond then the consideration of the bond failed, and could not be enforced against the maker. But suppose we go further and admit that it is good as a common law bond, and being good as such, that it

would and did authorize the stay as a common law bond, but not as a statutory bond, then it would only be an obligation upon which a right of action might be based, but would not authorize the issuing of an execution and a sale of defendant's property without giving him his day in court.

The plaintiff in error says that "the defendant in error in his evidence completely failed to show that he signed said stay bond on condition that another should sign with him." Now in this statement he is laboring under a grave mistake, for Roberts says in his testimony that at the time he signed it he told Rouse that the law required two. But if nothing had been said, the law requires it, and everybody is presumed to know the law. Rouse also in his testimony states that Roberts made this statement, and that he would obtain another if the law required it. Where a bond is signed on condition that another is to sign the same before it is to be delivered, it is void if not signed by that other. *People v. Bostwick*, 32 N. Y., 445. *Lovett v. Adams*, 3 Wend., 380. *Bronson v. Noyes*, 3 Wend., 188. *Linn County v. Farris*, 52 Mo., 75. *State v. Potter*, 21 American, 440. *Dair v. United States*, 16 Wall., 1. *Pauling v. United States*, 4 Cranch, 218. *State Bank v. Evans*, 3 Green (N. J.), 155. *Bibb v. Reed*, 3 Ala., 38. *Blake v. Sherman*, 12 Minn., 420. *Sharp v. United States*, 4 Watts., 21. *Johnson v. Weatherwax*, 9 Kan., 75.


MAXWELL, J.

On the eighteenth day of May, 1875, Howard Mayfield and Daniel Mayfield commenced an action in the probate court of Cass county against John Rouse, on a promissory note, to recover the sum of $250 with interest at twelve per cent from the eighth day of November, 1867. The note upon which the suit was

brought was payable to Howard Mayfield and Daniel Mayfield. On the eighth day of June, 1875, judgment was rendered on said note against said Rouse, for the sum of $293.81 and costs. Afterwards, and before the eighteenth day of June, 1875, Rouse presented a stay bond to J. J. Roberts, and requested him to sign the same as surety, which he did. The bond is in the following form:

"Know all men by these presents, That we, John Rouse as principal, and ——— as sureties, are held and firmly bound to Howard Mayfield and Daniel Mayfield, plaintiffs in the above entitled cause, in the sum of $628.90," etc.

Roberts notified Rouse at the time he signed the same that the law required two sureties on the bond. Rouse promised to procure an additional signer to the same, but failed to do so, and transmitted the bond by mail to the probate judge who made the following endorsement thereon; "June 20, 1875; stay bond filed; J. J. Roberts." Afterwards, although at what time does not appear, the names of Howard Mayfield and Daniel Mayfield, as plaintiffs, were erased from the judgment record, and the name of J. D. Howard inserted in lieu thereof. Afterwards, on motion of the attorneys for the Mickelwaits, the name of J. D. Howard was stricken from the record and the names of Howard Mayfield and Daniel Mayfield reinserted. The judgment was then assigned to George and R. Mickelwait, who, on the fifteenth day of May, 1876, caused an execution to issue on said judgment, which was levied on certain personal property of Roberts, Rouse having become insolvent. Roberts thereupon commenced an action against the sheriff, Cutler, to restrain the sale of said property, and to declare the stay bond void. A decree was rendered in his favor in the court below, to reverse which the defendants bring the cause into this court by petition in error.

This is a suit in equity. The act of March 3, 1873, Gen. Stat., 716, provides that actions in equity may be brought into this court by appeal, but the remedy by appeal is not exclusive. A party may bring a case into the supreme court either by appeal or by petition in error, as he may elect, by taking the requisite steps therefor. *White v. Blum*, 4 Neb., 558.

But in order to review an action in equity on error, the errors complained of, which occurred on the trial, must be brought before the district court by a motion for a new trial, or they will be considered as waived. *Midland Pacific R. R. Co. v. McCartney*, 1 Neb., 406. *Mills v. Miller*, 2 Neb., 317. *Wells, Fargo & Co. v. Preston*, 3 Neb., 446. *Cropsey v. Wiggenhorn*, 3 Neb., 117. *Singleton v. Boyle*, 4 Neb., 415. There having been no motion for a new trial in the court below, the alleged errors cannot be reviewed in this court.

This is decisive of the case, but as the questions raised by the assignment of errors were argued before the court, without objection on the part of the defendant in error, we will review the principal question raised by the assignment of errors, viz: the liability of the surety. A large number of authorities are cited by the plaintiff in error to show that the defendant in error is liable on the bond.

The case of *Lewis, Governor, etc. v. Stout*, 22 Wis., 234, was an action on a bond, wherein the defendants bound themselves to the state of Wisconsin, by a bond to the governor thereof, and his successors in office as trustee for the benefit of the state. *Held*, on demurrer to the petition, that the bond was properly executed.

In *Dair v. United States*, 16 Wall., 1, in an action on an official bond, the sureties answered " that the said James Dair and William Davidson signed the said writing obligatory upon the day of its date, as sureties, at the instance of Jonathan Dair, one of the principals, but

that it was signed by them upon the condition that said writing obligatory was not to be delivered to the plaintiff until it should be executed by one Joseph Cloud, as co-surety; that the said writing obligatory upon its signing by them upon the condition aforesaid, was placed in the hands of the said principal, Jonathan Dair, who afterwards, without the performance of that condition and without the consent of the said James Dair and William Davidson, delivered the same to the plaintiff. And that when the bond was so delivered *it was in all respects regular upon its face, and that the plaintiff had no notice of the condition.*" It was held that there was nothing on the face of the paper, or in the transaction itself, to put the officer on inquiry, or to raise even a suspicion in his mind that a condition was annexed to the delivery of the bond, that there was nothing left for the officer to do but to accept the bond and issue the license, and as the sureties had confided in Dair, it was more consonant with reason that they should suffer from his misconduct than the government.

In *Du Boise v. Bloom*, 38 Iowa, 512, the plaintiff recovered judgment against the defendant in the circuit court. Within ten days after the adjournment of the term, the defendant filed in the office of the clerk of the court a stay bond, which was duly approved, but on which the sureties did not justify. The court held, that it is not made a condition of the stay, that the sureties shall make affidavit as to the value of their property; that whatever liability the officer may incur on account of a failure to observe the provisions of the statute, such failure does not invalidate a stay otherwise regularly taken.

In *The State v. Peck*, 53 Me., 284, Peck was elected state treasurer for the year 1858, and presented a bond to the legislature, apparently duly executed by all whose names appeared therein. It appeared that some of the

sureties signed the bond only upon condition that certain other gentlemen, who had been co-sureties with them for Peck the previous year, should sign the same. The bond was delivered by the sureties to Peck, who delivered the same to the legislature, without stipulation, reservation, or condition. It was held, that the sureties were bound, although the bond was not signed by the other persons designated, the obligee having no notice of such condition, and nothing to put him on inquiry as to the manner of its execution.

In *The State v. Pepper*, 31 Ind., 76, the court held substantially, that when a bond has been signed and delivered to the principal obligor by a surety, upon the condition that others, *not named in the instrument*, shall sign before it is delivered to the obligee, and it is delivered without such signatures being obtained, and received by the obligee without notice of such condition, or of circumstances which should put him upon inquiry, the condition imposed will not avail the surety.

In *The People v. Johr*, 22 Mich., 462, the defendant, as treasurer of St. Clair county, had given bond to the auditor-general, conditioned that he would pay over and account for all moneys he should receive for sale of land for taxes at the annual tax sales in said county. The bond was approved by one circuit court commissioner of said county, but there was no approval by the prosecuting attorney, or the other circuit court commissioner; nor was there any express approval of the auditor-general on the bond. The court held substantially, that without the approval of the prosecuting attorney and the other circuit court commissioner, the auditor-general might have refused the bond, and declined to allow the defendant to make the sales. But the treasurer having been permitted to make the sales and receive the money on the faith of the bond, his sureties could not be permitted to make the objection that the bond did not conform to the statute.

In the case of *The People v. Bostwick*, 32 N. Y., 445, the bond in suit was executed by the defendants as sureties. The bond was handed to Bostwick, with the distinct understanding that it was not to be used unless it should be signed by one Dickinson as co-surety. The bond was never signed by Dickinson. The bond was perfect and complete on its face, and no insertion of Dickinson's name as one of the obligors. It was held, that there had been no delivery of the bond, and it was therefore void as to the surety.

In *Blake v. Sherman*, 12 Minn., 424, under a statute requiring in actions in attachment a bond in at least the sum of $250, with *sufficient sureties*, the court held, "This section of the statute is not to be regarded as directory. There must be a bond (a term well understood), with a penalty, and a condition, and with *two* or more sureties."

In the case of *Fletcher v. Austin*, 11 Vt., 449, the court say: "Where a bond contains in the obligatory part the names of several persons as sureties, if a part sign with an understanding and on the condition that it is not to be delivered to the obligee until signed by the others, it is not effectual as to those who do sign until the condition is complied with." To the same effect, see *Bank v. Evans*, 3 Green (N. J.), 155. *Duncan v. The United States*, 7 Peters, 448.

From a careful examination of the authorities, we think the following rules may be deduced.

*First.* That a bond, which is perfect on its face, apparently duly executed by all whose names appear therein, which purports to be signed and delivered by the several obligors, and is actually delivered by the principal without stipulation, reservation, or condition, cannot be avoided by the sureties upon the ground that they signed it on the condition that it should not be delivered unless it should be signed by other persons,

who did not sign the same, if it appear that the obligee had no notice of such condition, and nothing to put him upon inquiry as to the manner of its execution, provided he has been induced upon the faith of such bond to act to his own prejudice. ·

*Second.* That where a bond contains in the obligatory part the names of several persons as sureties, if a part sign the same with an understanding and on the condition that it is not to be delivered to the obligee until it is signed by all whose names appear in the obligatory part as sureties, it will not be valid as to those that do sign until the condition is complied with.

*Third.* If there is anything on the face of the bond, or in the attending circumstances, to apprise the obligee that the bond has been delivered by the sureties to the obligor to be delivered to the obligee only upon certain conditions, which have. not been complied with, the sureties may plead the failure to comply with the conditions as a defense in an action on the bond.

*Fourth.* That a statutory bond must conform substantially to the requirements of the statute in respect to its penalty, conditions, form, and number of sureties.

The act approved February 23, 1875, " To provide for stay of executions and orders of sale," Laws, 1875, page 49, provides that: "On all judgments for the recovery of money only, except those rendered in any court on appeal or writ of error thereto, or against any officer or person or corporation, or the sureties of any of them, for money received in a fiduciary capacity, or for the breach of any official duty, there may be stay of execution, if the defendant therein shall, within twenty days from the rendition of judgment, procure *two or more* sufficient freehold sureties to enter into a bond, acknowledging themselves security for the defendant for the payment of the judgment, interest, and costs," etc.

The law in such a case enters into and forms a part of

the contract, and a surety may insist as a defense, in an action on a bond signed by but one surety, that he is not liable thereon, the statute being notice to all parties concerned that two sureties were required; unless the surety waive the condition prescribed by the statute.

A waiver is defined to be an intentional relinquishment of a known right, and there must be both knowledge of the existence of the right and an intention to relinquish it. *Livesey v. Omaha Hotel*, 5 Neb., 50.

In the case at bar the bond was signed by but one surety, who delivered the same to the obligor to procure an additional surety, and file the same with the probate judge of Cass county. No additional sureties were obtained, but the bond was transmitted by mail to the probate judge, who failed to approve the same, but marked it filed. This bond did not comply with the statute, and was not sufficient to authorize a stay of execution.

The judgment of the district court discharging the surety is therefore affirmed.

JUDGMENT AFFIRMED.

GANTT, CH. J., concurs.

LAKE, J.

I assent to the affirmance of the judgment solely on the ground that no motion for a new trial was made in the court below, but express no opinion on the question discussed by the majority of the court.