Woods v. Haviland et al.

1. **Execution from Justice's Court**: LIMIT AS TO TIME OF ISSUING: STATUTE CONSTRUED. Where a judgment was rendered in a justice's court in December, 1868, less than five years prior to the taking effect of the Code of 1873, and execution was issued thereon in 1877, *held* that the execution was properly issued and was valid; for, although section 3911 of the Revision, which was in force when the judgment was rendered, provided that in such cases execution should not issue after five years from the entry of the judgment, yet, as the five years had not elapsed when section 3569 of the Code took effect, that section became the law applicable to the case, and extended the time for the issuance of the execution to ten years after the date of the judgment.

*Appeal from Marshall District Court.*

TUESDAY, OCTOBER 17.

ACTION IN EQUITY. Decree for the plaintiff and defendants appeal.

*Sears & Stone*, for appellant.

*Brown & Carney*, for appellee.

SEEVERS, CH. J.—This cause was submitted to the District Court, and is submitted to this court on an agreed statement of facts. On the 4th day of December, 1868, a judgment was rendered by a justice of the peace against L. E. B. Holt et al., and an execution was issued thereon in 1877, under and by virtue of which the plaintiff was garnished as the supposed debtor of the execution debtors. It is agreed by counsel, if the execution was invalid, judgment should be rendered for the plaintiff, but, if valid, the defendants were entitled to judgment. The District Court found the execution was invalid and rendered judgment accordingly.

The Revision was in force when the judgment was rendered, and it is therein provided that executions for the enforcement of judgments rendered by a justice of the peace may be issued "at any time within five years from the entry of the judgment, but not afterward." Rev. § 3911.

The Code took effect in September, 1873. At that time, the time within which an execution could issue under the Revision, had not expired. Section 3569 of the Code extends the time for issuing executions on judgments rendered by a justice of the peace to ten years from the rendition of the judgment. When the execution in question was issued, the right to do so under the Code existed, but was barred under the Revision. The statutes above referred to partake and are in the nature of statutes of limitation. It may be safely stated, we think, that such statutes relate to the remedy, and, unless it is otherwise provided, the new statute will ordinarily apply to existing causes of action. *Higgins v. Mendenhall*, 42 Iowa, 575; *Brodt v. Rohkar*, 48 Id., 36; *Smith v. Momson*, 22 Pick., 430; *Pleasants et al. v. Rohner*, 17 Wis., 595; *Winston v. McCormack*, 1 Ind., 56; *Gilman v. Cutts*, 23 N. H., 376.

The question, then, is, whether there is a statute which controls the operation of section 3569 of the Code, so that the provisions thereof do not apply to judgments rendered under the Revision.

It is provided by statute: "All public and general statutes passed prior to the present session of the General Assembly, and all public and special acts, the subjects whereof are revised in this Code, or repugnant to the provisions thereof, are hereby repealed, subject to the limitations and with the exceptions herein expressed. This repeal of existing statutes shall not affect any act done, any right accruing, or which has accrued or been established," * *. Code § § 47, 50.

The statutory provisions contained in the Revision in relation to the issuance of executions on judgments rendered by a justice of the peace are of a general and public nature, and were revised by the Code, and, therefore, repealed thereby, unless a right was accruing, or had accrued, thereunder. We have, then, to inquire, what is the extent or character of the right thus preserved.

It is quite clear that an accruing or accrued vested right

is within the statute.   But such a right cannot be constitu-
tionally abrogated or substantially affected by the General
Assembly.   It is therefore difficult to say it is such only that
is preserved from the operation of the repealing statute en-
acted as a part of the Code.   No such provision was required
to protect a vested or contract right.

To us it seems clear that the accruing and accrued rights
are and must be' of the same character.   There is no other
distinction made by the statute except that one has accrued
and the other is accruing.   The statute takes effect upon both,
and both are preserved to the party entitled thereto.   This
being so, we will suppose the five years had expired, during
which an execution could issue under the Revision, when the
Code took effect.   No execution could issue under the Code,
because the right was barred when it took effect.   The right,
therefore, had accrued.   But if such right was simply accru-
ing, it was not affected by the repeal of the prior statutes, but
as such right related to the remedy only, and was existing
when the Code took effect, the time within which an execu-
tion could be issued was thereby extended to the period of
ten years from the rendition of the judgment.   It seems to
us there is no escape from this conclusion, and we think it has
been substantially so held in *Du Boise, McGovern & Co. v.
Bloom*, 38 Iowa, 512, and *McDonald v. Jackson*, 55 Id., 37.

The facts in *Gray v. Iliff*, 30 Id., 195, are like those in
the case before us.   The decision, however, was placed on
other grounds.   The point under consideration does not seem
to have been made by counsel, at least it is not alluded to by
the court.   The right in *Schmidt v. Holtz*, 44 Iowa, 446,
was held to be a "substantial right which became a part of
the contract."   This is not claimed in the present case.   Be-
ing of the opinion the execution was properly issued and was
valid, the judgment must be

REVERSED.