J. D. SEEBERGER, Appellant, v. W. B. CAMPBELL *et al.*, Appellees.

Judgments: LIEN: PROPERTY HELD IN TRUST: MORTGAGE: PRIORITY OF LIENS.  Where a husband purchased real estate with the proceeds of property belonging to his wife, and took the title thereto in his own name, and after the recovery of judgments against the husband the wife joined with him in the execution of a mortgage upon said real estate to secure an indebtedness owing by the husband, *held*, that the wife was the equitable owner of the property, and that the mortgage was superior to the judgments.

*Appeal from Marion District Court.*—HON. A. W. WILKINSON, Judge.

SATURDAY, MAY 13, 1893.

ACTION in equity to determine the validity of two mortgages upon certain real estate.  The mortgages are held and owned by the plaintiff, and were executed by the defendants W. B. Campbell and Greeley Campbell, and their wives.  R. Ritz and the State Insurance Company, the other defendants, claim to own judgments against W. B. Campbell and Greeley Campbell which are prior in point of time to the plaintiff's mortgages; and the question presented by the record is whether the said judgments attached as liens on the property before the mortgages were made.  There was a decree against the plaintiff, and he appeals.—*Reversed.*

*L. Kinkead*, for appellant.

*Hays Brothers*, for R. Ritz, appellee.

*O. B. Ayers*, for State Insurance Company, appellee.

ROTHROCK, J.—We have had very great difficulty in arriving at a decision in this case. The record is confused, and there was an abstract filed by the appellees which sets forth additional evidence. The correctness of this abstract is denied by the appellant, and we have been compelled to examine the transcript of the evidence. For some reason the appellees have not presented anything in the way of brief or argument. Sometimes it occurs that an omission of this kind can be accounted for on the ground that the decision of the district court is so clearly right that it requires no argument to sustain it. No such presumption can be indulged in this case. The facts are very much involved, and a clear and concise statement of the claim made by the defendants would have been of very great assistance to the court.

It appears that W. B. Campbell and M. E. Campbell are father and mother of Greeley Campbell, and that many years ago they owned some real estate in Jefferson county, which they occupied as a homestead. They sold that property and purchased a farm in Munroe county, upon which they resided as a homestead. In the year 1883 they sold that farm and purchased three lots in the village of Hamilton, upon which they removed, and occupied the same as a homestead. As we understand the record, they were occupying these lots as a homestead when this suit was commenced. Greeley Campbell, the son, was married prior to the purchase of the Munroe county farm. He lived in a house on the farm, and when the removal was made to Hamilton, and the three lots were bought, there was a dwelling house thereon, which has been rebuilt and repaired, and occupied by W. B. Campbell and wife. Another house was built on the premises, which was used as a home by Greeley Campbell. The father and son engaged in the hardware business, as merchants,

and the mortgages of the plaintiff were given to secure the payment of valid claims against the partnership.

The evidence shows quite conclusively that the Jefferson county home and the Munroe county farm were purchased with money which Mary E. Campbell, the wife of W. B. Campbell, owned in her own right, and the Munroe county farm was actually conveyed to her in the year 1878. But when the purchase of the lots in Hamilton was made the conveyance was taken in the name of W. B. Campbell. It is claimed that the husband has held, and now holds, the naked legal title in trust for his said wife, and that, as between the wife and the defendants Ritz and the State Insurance Company, the lien of the plaintiff is superior, and that she, in conjunction with her husband, had the right to mortgage the same to the plaintiff. We think that this position must be sustained. It is supported by the evidence, and is in accord with the cases of *Jones v. Brandt*, 59 Iowa, 332; *Crouse v. Morse*, 49 Iowa, 386; *Schmidt v. Holtz*, 44 Iowa, 449, and other cases. It does not appear that there are any equities in favor of the claims of the defendants, as that credit was extended to W. B. Campbell because for part of the time the title to the property was in him. On the contrary, by a fair contruction of the pleadings in the case, the claim of Mrs. Campbell to the property is not really denied by the defendant Ritz. It may be that it might be held, under the evidence, that the part of the property occupied by Greeley Campbell ought not to be regarded as part of the homestead of his father and mother. But that question we do not determine. It is said in argument for the appellant that the judgments were held to be a lien superior to the mortgages because Greeley Campbell was the real owner of the house, and land upon which it was situated, and in which he lived. From our examination of the evidence

we do not reach that conclusion. There does not appear to be such an equity in the land in his favor as to create liens in favor of the judgment creditors. Our conclusion is that Mrs. M. E. Campbell was the equitable owner of the property, and that W. B. Campbell held nothing but the naked legal title in trust for her, and the mortgage made by them. was superior to any claim of the defendants.

The plaintiff is entitled to a judgment and decree as prayed in his petition. REVERSED.