ELDA M. WHINERY v. THOMAS McLEOD, as Sheriff, and F. Z. WHINERY, Appellants.

|     |     |
| --- | --- |
| 127 | 11  |
| d141 | 313 |
| 141 | 314 |

**Homesteads:** LIABILITY FOR ANTECEDENT DEBT: PENSION MONEY. Property purchased with pension money belonging to the husband, but at his direction conveyed to his wife and subsequently occupied by them as a homestead, is not exempt from execution and sale under Code, section 4010, for a debt of the wife contracted prior to its acquisition.

*Appeal from Ida District Court.*—HON. F. M. POWERS, Judge.

SATURDAY, JANUARY 14, 1905.

ACTION to enjoin the sale of a certain lot under execution. Decree as prayed, and defendants appeal.—*Reversed.*

*Charles S. Macomber,* for appellants.

*Hastings & Woodward,* for appellee.

LADD, J.—The defendant F. L. Whinery obtained a judgment against Arthur and Lizzie Whinery November 9, 1894, for $234.15 and costs. At that time the judgment defendants were occupying lot 7, block 16, in Ida Grove, as a homestead, and on the 7th day of December following conveyed it to the plaintiff, in consideration of certain evidences of debt held by her. Execution issued on said judgment October 3, 1902, and to enjoin a sale thereunder on the ground that the lot was exempt from said execution as

the homestead of defendants is the object of his suit. That
the indebtedness antedated the acquisition of the property
was not specifically pleaded in the answer, but the issue as to
whether the judgment was a lien was raised not only by an
averment in the petition that it was not, but in the answer
that it had attached as such to the property. This neces-
sarily involved the question as to when the debt was incurred,
and a more specific statement, in the absence of motion there-
for, was not essential.

The petition on which the judgment was based, and
which was admissible in evidence as part of the record in the
case, shows that the indebtedness was evidenced by three
promissory notes of Arthur Whinery, the last of which was
executed March 13, 1888, and that, because these were given
for family necessaries, judgment was also rendered against
his wife, Lizzie Whinery. This was none the less her debt
because liability was fixed therefor by statute. See section
3165, Code. Some time subsequent to the last-mentioned
date, Arthur Whinery exchanged a pair of mules, which he
had obtained for a span of horses bought with pension money,
to one Fouts, for a contract of sale of the lot with the Iowa
Railroad Land Company to his wife, Mary E., commonly
known as Lizzie Whinery, as all parties understood. She
testified that they moved on the premises " in a short time,"
and on August 30, 1889, she procured a deed from the com-
pany. If anything was subsequently paid, it was received
by him from the government as a pension, so that there is no
doubt but that the property and money invested were exempt
to him. But it does not follow that the proceeds thereof
in the hands of another continued to be exempt. As both
the mules and the money were exempt, he might give them
away, or direct that the contract received therefor be as-
signed to another. This he seems to have done, for there is
nothing in the record even tending to indicate a purpose
on his part of retaining any interest in the lot. His wife
became the owner of it prior to its occupancy as a homestead.

See *Butler v. Nelson,* 72 Iowa, 732; *Marquardt v. Mason,* 87 Iowa, 136. It is not perceived on what theory either of them may invoke the aid of section 4010 of the Code, providing that " the homestead of every such pensioner, whether the head of the family or not, purchased and paid for with any such pension money or the proceeds or accumulations thereof, shall also be exempt; and such exemption shall apply to debts of such pensioner contracted prior to the purchase of the homestead." These premises never belonged to the pensioner, and this statute contains no provision shielding them from the antecedent indebtedness of his wife.

Section 2976 of the Code expressly declares the homestead liable for debts of the owner created at any time prior to its occupancy as such, and we are unable to discover any ground for denying the defendants the right to enforce such liability. The temporary writ of injunction should have been dissolved, and the petition dismissed.—*Reversed.*