W. E. RATLIFF, Appellant, v. J. O. ELWELL and MARY E. ELWELL.

**Homestead:** PURCHASE WITH PENSION MONEY: EXEMPTION: RESULTING TRUST. A homestead in the name of the wife is subject to a judgment against her on a debt antedating its acquisition if in fact her property, though purchased with pension money of the husband; but if the entire consideration was paid by the husband from his pension money, and the naked legal title taken in the wife, to whom there was no intention of transferring the real ownership, nor understanding or duty to do so, the husband remains the equitable owner under a resulting trust, and the property is exempt from a judgment for an antecedent debt against either the husband or wife.

*Appeal from Union District Court.*—HON. H. M. TOWNER, Judge.

THURSDAY, FEBRUARY 18, 1909.

ACTION to subject the homestead of defendants, who are husband and wife, the property having been acquired with the husband's pension money, and at his request conveyed to the wife, to the payment of a judgment recovered by plaintiff against defendants after the acquisition of such homestead, but on an indebtedness antedating such acquisition. After a trial on the merits the court dismissed plaintiff's petition, and he appeals.—*Affirmed.*

*Robbins & Wilkie,* for appellant.

*N. W. Rowell,* for appellees.

McCLAIN, J.—As plaintiff's judgment was on an indebtedness against both husband and wife antedating the acquisition of the homestead, the property would not be exempt to the wife from sale, under the judgment as against her, although purchased with her husband's pension money, if she was in fact the owner. *Whinery v. McLeod,* 127 Iowa, 11. But it was alleged in the answer that the husband was vested with and held the equitable title, although the legal title was in the wife; that the whole consideration paid for the property was paid by the husband with his pension money, and that after the payment of the consideration, and without any intent to relinquish, release, or part with his equity in said property, he on his own motion, and without any previous arrangement with his wife or procurement on her part, directed the legal title to be placed in her by means of conveyance from the person to whom the purchase money had been paid. This allegation was supported by the testimony of

both husband and wife, and there was no evidence to the contrary, nor were any facts shown casting discredit on such testimony. That one who pays the entire consideration for the purchase of property, and for his own purposes causes title to be placed in another, to whom he owes no duty to make conveyance, and without the intention of thus making the grantee the real owner, remains the equitable owner of the property under a resulting trust seems to be well established. *Malley v. Malley,* 121 Iowa, 237; *Seeberger v. Campbell,* 88 Iowa, 63; *Hagan v. Powers,* 103 Iowa, 593; *Culp v. Price,* 107 Iowa, 133. The case before us differs, therefore, from that of *Whinery v. McLeod, supra,* in the retention of equitable title by the husband paying pension money for its purchase. As the real title was not in the wife, the homestead can not be subjected to the payment of plaintiff's judgment as against her, and as the husband acquired his title solely by the payment of pension money, he holds such title exempt from judgment, even for antecedent debts. See Code, section 4010.

The decree of the trial court is therefore *affirmed.*