NYE-SCHNEIDER-FOWLER COMPANY, APPELLANT, v. J. F. ROESER ET AL., APPELLEES.

FILED APRIL 17, 1920.   No. 20437.

Schools and School Districts: CONTRACTOR'S BOND: ESTOPPEL. The statute requires a bond given by a contractor upon the erection of a schoolhouse to be signed by two sureties. A bond was executed and approved signed by one surety only. Plaintiff furnished build-

ing material to the contractor, who failed to pay the bill. *Held*, in this action upon the bond, that the surety was entitled to rely upon the performance of the legal duty of the school board to see that a bond in accordance with the statute was executed before the contract was let, and that the bond being of a public nature and accessible in the hands of the school board to the inspection of interested parties, no estoppel arises on the part of the surety on the ground that, the materialman having furnished the goods relying upon the bond, the surety is estopped to question its validity.

Opinion on motion for rehearing of case reported in 103 Neb. 614. *Former judgment of reversal vacated, and judgment of district court affirmed.*

Per Curiam.

On motion for rehearing. Former opinion reported in 103 Neb. 614. Action upon a bond given by a contractor who had engaged to build a schoolhouse. The terms and conditions of the bond were not in strict compliance with the statute, but it was held that the law entered into the contract, and that it was a statutory bond. Upon a motion for rehearing, argument was ordered upon the question whether a bond given under a statute which requires two sureties is valid when signed by one only. Upon this point it is said in the former opinion: "But when a surety signs a bond *that specifies upon its face* that only one surety will sign, the party who is recited in such bond as surety does by signing it 'waive the defect.' " Did the bond in question so specify? It recites: "That J. F. Roeser, of Exeter, Nebraska, hereinafter called the principal, and C. C. Wullbrandt, as *sureties,* are jointly and severally held," etc. In other parts we find recited, "That no liability shall attach to the *sureties* unless;" "Unless such obligee shall deliver such notice to the *sureties;*" "That in no event shall the *sureties* be liable for a greater sum," etc.

Considering the whole bond, we are now of the opinion that the inference drawn in the former opinion, that the bond "specified upon its face that only one surety will sign," is not warranted.

In *Beawfage's Case,* 5 Coke (Eng.) 99, under a statute which required more than one surety upon a bail bond, the sheriff took but one surety. He brought an action on the bond, the defense was that the bond was void because the statute required more than one surety. It was held that the surety clause was for the benefit of the sheriff who might at his own risk take but one surety, upon the principle "*quilibet potest renunciare,*" etc. This seems to be the leading case upon the question, and has been followed both in England and this country. *Peppin v. Cooper,* 2 B. & Ald. (Eng.) 431; *Shaw v. Tobias,* 3 N. Y. 188; *People v. Johr,* 22 Mich. 461. However, in *Cutler v. Roberts,* 7 Neb. 4, 13, it is said, speaking of a statutory bond which required two sureties: "The law in such a case enters into and forms a part of the contract, and a surety may insist as a defense, in an action on a bond signed by but one surety, that he is not liable thereon, the statute being notice to all parties concerned that two sureties were required, unless the surety waive the condition prescribed by the statute." *Fletcher v. Leight, Barrett & Co.,* 4 Bush (Ky.) 303, is to the same effect. A majority of the court believe we should adhere to the *Cutler* case for the following reasons: The surety who signed was under no duty to see that another surety signed the bond. He was entitled to rely upon the performance of the legal duty of the school board to see that a bond in accordance with the statute was executed before the contract was let. The bond is of a public nature and accessible in the hands of the school board to the inspection of any person interested in furnishing labor or material for the erection of the schoolhouse. The materialman was under no obligation to sell if the bond was not legally executed. He was presumed to know the law just as the surety was so presumed.

No waiver was alleged in the petition. It fails to show a proper execution of the bond as the law requires. The demurrer therefore was properly sustained. The cases

cited by the appellant relate to other than statutory bonds and are inapplicable. For these reasons, the judgment of this court is set aside and the judgment of the district court is

AFFIRMED.