TOWN OF GRANTVILLE, for use, etc., v. FIDELITY & DEPOSIT CO.

ATKINSON, J. The Town of Grantville entered into a written contract with John F. Grandy & Son for the construction of a school building. A bond was executed by Grandy & Son as principal, and the Fidelity & Deposit Company of Maryland as surety, acknowledging themselves bound to pay the Town of Grantville a stated sum. The bond recited the contract and declared that it, "together with all of its terms, covenants, conditions, specifications, and stipulations, is incorporated herein and made to form a part hereof as fully and amply to all intents and purposes as if said contract was recited at length herein." The bond was conditioned for the faithful performance of the contract on the part of Grandy & Son, "according to the terms, covenants, and conditions thereof (except as hereinafter provided)." It also recited a number of things which were declared to be "conditions precedent to the right of the owner to recover hereunder." Among them were: (1) "The surety shall not be liable under this bond to any one except the owner; but it is agreed that the owner, in estimating his damage, may include the claims of mechanics and materialmen, arising out of the performance of the contract, and paid by him, only when the same, by the statutes of the State where the contract is to be performed, are valid liens against said property." (2) "That any suits at law or proceedings in equity, brought on this bond to recover any claim hereunder, must be instituted within six months after the first breach of said contract." By the terms of the contract, which by reference was made a part of the bond, Grandy & Son obligated themselves to the Town of Grantville, among other things, to furnish all material and to construct the building at a stipulated price, payable in installments, and, at the time of the maturity of the last installment, "to make sworn affidavit that the agreed price or reasonable value of all work done or

materials furnished by persons other than themselves had been paid for by them;" and if at such time there should be any material or labor not paid for, then Grandy & Son were "to produce waivers of such claims signed by the persons to whom" due. The contract further provided: "When this affidavit, duly sworn to and subscribed, is produced and left with said architects, said payment shall become due, and not until then. And if while any installment remains unpaid it becomes necessary to apply the same, or any part of it, to an established lien upon said building and premises in favor of any third party for work done or materials furnished, such application is to discharge the said Town of Grantville from liability to the said Jno. F. Grandy & Son for the amount so applied, whether in extinction of the lien or of the legal costs incident thereto." There was nowhere in the contract any stipulation by which Grandy & Son expressly promised the Town of Grantville that they would pay for material furnished to them by other persons for the construction of the building. *Held:*

1. The bond was neither literally nor in substance in accord with the provisions of the act approved August 12th, 1910 (Acts 1910, p. 86), and a suit could not be maintained under that act in the name of the Town of Grantville against the surety on the contractor's bond for the use of a materialman who had furnished material to the contractor but had not been paid.

2. Considered as an action by the town, based on a breach of the contract, aside from the act of 1910, there was nothing in the bond which authorized a recovery solely because certain materialmen had furnished material to the contractor for which they had not received payment.

3. A tendered amendment which merely alleged, in substance, that in so far as the provisions of the bond were inconsistent with the act of 1910 they were contrary to public policy and void, did not suffice to show a cause of action alone or in connection with the petition; and there was no error in rejecting such proffered amendment and in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*
NOVEMBER 20, 1912.

Action upon bond. Before Judge Ellis. Fulton superior court. January 18, 1912.

*Dodd & Dodd,* for plaintiff. *Leonard Haas,* for defendant.