FRANK SAILLING, APPELLANT, V. CHARLES MORRELL ET AL.,
APPELLEES.

FILED DECEMBER 18, 1914.   No. 17,913.

1. **Contracts: BUILDING CONTRACT: BOND: LIABILITY OF SURETIES.** A stipulation in a contract for the erection of a building, that the contractor will provide all of the materials and perform all the work, constitutes a promise by the contractor to satisfy the lawful claims of mechanics and laborers, and the sureties on his bond for the faithful performance of the contract are liable for a breach of such condition, and such bond inures to the benefit of a mechanic or laborer.

2. ———: **BONDS: REFORMATION.** Where a surety bond furnished by a contractor contains two inconsistent stipulations, the first of which renders the surety liable for the faithful performance by the contractor of all the conditions in the bond, and the second relieves such surety from liability therefor, the bond may be reformed in equity, when it is made to appear by pleading and proof that the second stipulation was inserted by fraud, or by mutual mistake or inadvertence.

3. **School Trustees: BUILDING CONTRACT: LIABILITY OF TRUSTEES.** Where school trustees, acting as a school board in letting a contract for the erection of a school building, act in good faith and require the contractor to give a bond which they deem sufficient to protect all parties interested, such trustees will not be held individually liable to one who performs work and labor upon such building under employment by the contractor, even though the bond be not conditioned in the exact terms of section 7117, Ann. St. 1911. In order to establish such individual liability, the burden is upon the plaintiff to plead and prove that the action of the trustees was wilfully wrong.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*H. D. Rhea, P. E. Horan* and *Mahoney & Kennedy,* for appellant.

*E. A. Cook* and *J. V. Romigh, contra.*

FAWCETT, J.

This action was instituted in the district court for Dawson county, against the defendants individually, for work and labor performed by plaintiff in the erection of a school building in district No. 20, in that county, of which the defendants were trustees. The case was tried to the court without the intervention of a jury. From a judgment in favor of defendants, plaintiff appeals.

That plaintiff and his assignors performed the work and labor upon the school building, as charged, and that he has not been paid therefor, is admitted, and the only question for our decision is: Are the defendants, who were trustees of the school district, individually liable for the amount due plaintiff, by reason of the fact that a bond was not taken from the contractors, by whom the building was constructed, conditioned as required by section 7117, Ann. St. 1911, which provides:

"It shall be the duty of the board of public lands and buildings, boards of county commissioners, the contracting board of officers of all cities and villages, and all public boards now or hereafter empowered by law to enter into a contract for the erecting and finishing, or the repairing of any public building, bridge or other public structure to which the general provisions of the mechanic lien laws do not apply, and where mechanics and laborers have no lien to secure the payment of their wages, to take from the person or corporation to whom the contract is awarded a bond with at least two good and sufficient sureties conditioned for the payment of all laborers and mechanics for labor that shall be performed in the erecting, furnishing, or repairing of the building or in performing the contract; said bond shall be to the board awarding the contract; and no contract shall be entered into by such board until the bond herein provided for has been filed with and approved

by said board. The said bond shall be safely kept by the board making the contract and may be sued on by any person entitled to the benefit of this act. The action shall be in the name of the party claiming the benefit of this act."

It is conceded that the school board did not take from the contractors a bond conditioned as provided in the. section quoted, but it is alleged in the petition that the board did in fact require the contractors to furnish a bond, and there is attached to and made a part of the petition the contract entered into between the school board and the contractors, and the bond of the Fidelity & Deposit Company of Maryland, as surety for the contractors. The bond expressly provides that the contract entered into by and between the school board and the contractors "is incorporated herein, and made to form a part hereof." The contract provides: "The contractors shall and will provide all of the materials and perform all the work included in the general plans and specifications for the erection of a school building (giving dimensions and location of the school building to be erected), * * * all to be done in strict accordance and as shown on the plans, details and specifications prepared by the Black Hills Co., Architects, Deadwood, S. Dak., and identified as plan No. 507F, which is plainly marked on each sheet of the plans and details and on the front page of the specifications, and the same hereby becomes a part of this contract." By article 15 the contract provides: "The said parties for themselves, their heirs, successors, executors, administrators and assigns, do hereby agree to the full performance of the covenants herein contained." It appears, therefore, that the contractors agreed to "provide all of the materials and perform all the work" included in the general plans and specifications for the erection of the school building. This agreement is incorporated in and made a part of the bond. The contractors failed to "perform all the work." By this failure on their part the surety company became liable to the school board to the extent of such failure, and the board has a perfect cause of action against the surety upon its bond.

The fact that the bond is not conditioned as specified in the statute above quoted, is immaterial. If the bond is so conditioned that it protects all persons who performed work and labor under the contract, plaintiff has suffered no loss by reason of the action of the board in taking a bond thus conditioned, instead of one conditioned in the terms of the statute.

In *Lyman v. City of Lincoln*, 38 Neb. 794, which involved the furnishing of material and labor in the erection of two engine houses, the contractors gave a bond to the city "to faithfully perform all the terms of the contract." It also provided: "The contractors shall file with the board of public works receipts of claims from all parties furnishing them with material and labor in the construction of such engine houses." Lyman sued the contractors and their sureties for lumber used in the construction of the buildings: "*Held,* (1) That the clause quoted above from the contract was a promise on the part of L. & S. (the contractors) to pay for all labor and material furnished them in constructing said engine houses; (2) that the statement of L. in his petition, that L. & S. owed him for lumber furnished to and used by them in said buildings, was a sufficient averment of a breach of said bond; (3) that the awarding of the contract by the city to L. & S. was a sufficient consideration to support their promise to pay for the labor and material furnished them in the performance of said contract; (4) that the promise they made to the city of Lincoln was for the benefit of all persons who furnished labor and material used in said contract, and such persons could sue on said bond; (5) that the existence of an express statute or ordinance of the city of Lincoln was not necessary to the authority of the city to require of L. & S. a bond to pay their materialmen and laborers." The trial court sustained a general demurrer filed by the sureties on the bond. This ruling was held to be erroneous.

*Korsmeyer Plumbing & Heating Co. v. McClay*, 43 Neb. 649, was an action on a bond for the erection of a county courthouse. It was stipulated in the contract "that in each case of payment a certificate shall be obtained by the

contractor from the clerk of the county that he has care-
fully examined the records and finds no liens or claims
against said work or on account of said contractor. Neither
shall there be any lawful claims against the contractor
in any manner, from any source whatever, for work or
material furnished on said work."   The provision that
there should not be "any lawful claims against the con-
tractor in any manner, from any source whatever, for work
or material furnished on said work," is no stronger than
the agreement in the contract at bar which required the
contractors to "provide all of the materials and perform
all the work."   We held the condition in the contract to
be "a promise by the contractor to satisfy the lawful claims
of laborers and materialmen, and that the sureties on his
bond for the faithful performance of the contract are lia-
ble for a breach of such condition."

In *Fitzgerald v. McClay*, 47 Neb. 816, we held: "P. and
S. entered into a contract with the state to erect for it a
building at a stipulated sum. The contract required, *inter
alia*, that the contractor should pay for all labor performed
or material furnished, and a bond for the faithful perform-
ance of the contract was given. *Held*, That the sureties
on such bond are liable to a subcontractor for materials
furnished by him and used in the construction of the build-
ing." In the opinion by Norval, J. (p. 818), it is said:
"The demurrer was, doubtless, sustained upon the ground
that the bond was given alone to protect the state, and that
third parties could not avail themselves of the stipulations;
but since that decision was rendered this court has fre-
quently held, in suits brought on bonds given for the faith-
ful performance of a building contract similar to the one
before us, that a person furnishing labor or materials for
the principal in such bond may maintain an action upon
the bond to recover the price of such labor or materials."
Judge Norval cites a number of cases in support of his
opinion.

In *Morton v. Harvey*, 57 Neb. 304, the contract was for
the erection of a courthouse, and provided that the con-
tractors were "to furnish all material and perform all the

labor." A bond was given for the due and faithful compliance with the obligations of the contract. In the syllabus we held: "A stipulation in a building contract *held* to embody a promise to satisfy true claims of laborers and parties who furnished material in the performance of the contract; also, that this promise of the contract was included in the obligations of the bond given to secure the fulfilment of said contract."

In *Des Moines Bridge & Iron Works v. Marxen & Rokahr*, 87 Neb. 684, we held: "A board of supervisors in contracting for the construction of a courthouse may lawfully require the contractor to pay for the material used in the erection of said building, and a bond executed to secure the faithful performance of that contract inures to the benefit of a materialman."

In harmony with these holdings is *City of Alpena v. Title Guaranty & Surety Co.*, 158 Mich. 678. We think it is clear from the authorities above cited that plaintiff is fully protected by the bond which the school board required of and received from the contractors. This being so, his remedy was a suit upon the bond against the contractors and their surety, and not against the individual members of the school board.

But it is insisted by plaintiff that he could not recover in an action upon this bond, for the reason that it contains this clause: "The surety shall not be liable under this bond to any one except the owner, but it is agreed that the owner, in estimating his damage, may include the claims of mechanics and materialmen, arising out of the performance of the contract, and paid by him only when the same, by the statutes of the state where the contract is to be performed, are valid liens against his property." If the surety company, by reason of this stipulation in the bond, is relieved from liability to plaintiff, then it never incurred any liability whatever upon the bond. If it is not liable for the work performed by plaintiff, it could not be held liable for any default of the contractors, as nothing which any mechanics or laborers might do in the construction of the school building, from start to finish, would ever give them

a lien upon the school property, as the property is exempt
by statute from any and all liens by mechanics, material-
men and laborers.   If this clause in the contract is to be
upheld in a case where the contract is for work upon pub-
lic property, against which no lien can ever exist, then the
entering into such a bond is a delusion and a snare.   To so
hold would be to permit a surety, with one hand to write
into a bond a liability for all materials furnished and work
performed in the construction of the building, and with the
other hand to write in a clause exempting it from all such
liability.   It is too evident for serious thought to the con-
trary that the bond used in this case was the form of
bond generally used for contractors under contracts for the
construction or repair of buildings for individuals or pri-
vate corporations, where, in case of a default on the part
of the contractor to pay for the materials furnished and
labor performed, a lien would attach.   Such a clause has
no place in a bond given for the faithful performance of
a contract upon a public building.   That it was not stricken
out of the form of bond used in this instance may have
been an oversight on the part of all parties concerned at
the time the bond was executed.   If so, it is subject to
reformation.

Regardless of what we have above said, we do not think
the defendants are liable individually, for the reason that
it is neither pleaded nor proved that their action was wil-
fully wrong.   On the contrary, the evidence clearly shows
that defendants acted in good faith and required the giv-
ing of a bond which they evidently thought was sufficient
to protect all parties interested.   For an error of official
judgment they are not individually liable.   In *Reed v. Con-
way,* 20 Mo. 22, 43, it is said:  "From a careful examina-
tion of authorities from the case of *Turner v. Sterling,* 23
Charles II, reported in 2 Ventris, 26, down to our own
times, both in the English and American courts, the doc-
trine that a ministerial officer, acting in a matter before
him with discretionary power, or acting in a matter before
him judicially, or as a quasi judge, is not responsible to
any one receiving an injury from such act, unless the offi-

cer act maliciously and wilfully wrong, is most clearly established and maintained." The nearest we have come to finding any such holding of liability against school trustees in a case like the one at bar is *Owen v. Hill*, 67. Mich. 43, in which two judges of the court were disposed to hold them liable while the chief justice and one other judge declined to so hold. The second paragraph of the syllabus in that case reads: "Whether such trustees are liable *in any event* for such neglect, query—SHERWOOD and CHAMPLIN, JJ., holding them so liable, and CAMPBELL, C. J., and MORSE, J., reserving their opinion on the subject."

Taking the case as a whole, we think it is clear that plaintiff has mistaken his remedy. The judgment of the district court is therefore affirmed, without prejudice to plaintiff's right to institute such other proceedings as he may elect.

