NOVEMBER TERM, 1918.        75

Equitable Surety Co., etc. *v.* Ind. Fuel Supply Co.—70 Ind. App. 75.

## EQUITABLE SURETY COMPANY OF ST. LOUIS ET AL. *v.* INDIANA FUEL SUPPLY COMPANY.

[No. 9,815.  Filed April 25, 1919.]

HIGHWAYS.—*Construction.—Contractor's Bond.—Recovery on by Materialman.—Statutes.*—A materialman may recover on a public contractor's bond without first having complied with §§5901a-5901b Burns 1914, Acts 1911 p. 437, requiring materialmen to file claims with agents of the county within thirty days after the materials are furnished, since such act expressly declares that it shall not be construed as conflicting with any other laws for the protection of materialmen, but as supplemental thereto.

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Action by the Indiana Fuel Supply Company against the Equitable Surety Company of St. Louis and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Major A. Downing,* for appellants.

*Quincy A. Meyers, Edward E. Gates* and *Samuel M. Ralston,* for appellee.

ENLOE, J.—Action by appellee, as relator, upon two bonds, executed by one Denny J. Bush, as principal, and appellant Equitable Surety Company of St. Louis, Mo., as surety thereon, to secure the due performance by said Bush of his contract for the making of certain improvements in a public highway, in Marion county, Indiana.

The cause was tried upon two paragraphs of amended complaint, to each of which a demurrer for want of facts was interposed and overruled.

The only alleged error we are called upon to consider, upon the record before us, is the action of the

trial court in overruling the demurrers to the amended paragraphs of complaint. ·

A consideration of the alleged error necessitates a construction of Acts 1911 p. 437, §§5901a, 5901b Burns 1914.

The issue between the parties to this appeal is clear cut; the appellant insisting that, before suit can be maintained on the bond, the materialman (appellee in this case was such) must have filed his claim therefor with the "agents of the county" within thirty days· from the time such materials were furnished, as a prerequisite to his right of suit. Appellees, on the other hand, insist that the remedy given by the act .in question is cumulative; that the materialman has a choice of remedies; that he may, if he desires, so file his claim with the agents of the county, and obtain his money directly from such source, and without the expense and delay of litigation, or he may, in case his claim is not paid, have his action on the bond.

The third section of the act in question provides: "This act shall not be construed as conflicting with any other laws for the protection of labor, sub-contractors or materialmen, but is supplemental thereto."

This statute was designed to further protect the parties named therein, as it expressly declares. The construction thereof contended for by the. appellant would deprive these persons of rights they theretofore had, and make any right they sought to enforce dependent upon the doing by claimant of a preliminary act—filing his claim within thirty days, etc. Such a construction would turn the act in question in one for the protection of bondsmen on contractors' bonds, by having the effect of limiting the liability, and

would in no way give additional protection to those who are, by its express terms, made within its provisions. *Illinois Surety Co.* v. *State, ex rel.* (1918), *ante* 450, 122 N. E. 30.

The evidence is not in the record, and no other assigned error is available.

The judgment is therefore affirmed.