ANDERSON, LUMBER COMPANY, Plaintiff, v. MINER
TOWNSHIP SCHOOL DISTRICT, Respondents,
(WESTERN SURETY COMPANY,
Intervenor), Appellants.

(230 N. W. 23.)

(File No. 6841.   Opinion filed March 21, 1930.)

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*R. B. Palmer,* of Woonsocket, and *Null & Royhl,* of Huron,
for Plaintiff.

*Baldwin & Lyons,* of Howard, for Respondents.

BURCH, J.   This is an appeal by the Western Surety Com-
pany, intervener, from a judgment in favor of the Miner Town-

ship school district, one of the defendants. The other defendants constitute the school district board. No judgment was rendered for or against them and they need not be further mentioned. We refer to respondent in the singular, meaning the school district.

In August, 1925, respondent entered into a contract with Dan J. Gruber for the construction of two public school buildings within the district at a cost of $6,500. Gruber and appellant executed a bond to respondent in the penal sum of $4,000 to secure the performance of Gruber's contract to construct the buildings. Plaintiff sold building material amounting to $1,791.80 for use in the buildings for which Gruber did not pay. Plaintiff sued respondent to recover this amount. In its complaint plaintiff set out the contract with Gruber and the bond to secure its performance, but sought to maintain the action against respondent on the theory that the bond was not such as the school district board is required to demand of a contractor before letting such contracts under section 7615, R. C. 1919, thereby rendering the school district liable under section 7617, for the material so furnished and sold to the contractor. Respondent demanded of appellant that it appear and defend the action, and also answered admitting the contract with Gruber, the bond to secure its performance, contended such bond was sufficient under the statute, alleged that it still owed upon the contract the sum of $900, and that plaintiff had filed notice of lien on said sum. Appellant refused to defend the action on behalf of respondent, but filed a complaint in intervention alleging the corporate existence of the plaintiff, the school district, and itself, the demand upon it to defend the action, its refusal, the execution of the contract with Gruber, the bond to secure its performance, the completion of the contract by Gruber and appellant, and full satisfaction of all its obligations under the bond. The complaint in intervention also alleges failure to give proper notice required under the bond, but that is not material here and will not be set forth in detail. Appellant claims the $900 still owing upon the contract by reason of its having completed the contract for Gruber. Respondent answered the complaint in intervention by a reiteration of its answer to plaintiff's complaint. The court made findings of fact and conclusions of law in favor of plaintiff and rendered judgment against respondent for the amount of plaintiff's claim. On the issues raised by the complaint in intervention and the answer of

respondent to such complaint, the court made separate and distinct findings of fact and conclusions of law and rendered judgment against appellant for the amount of plaintiff's claim, less the $900 in the hands of respondent. This is the judgment from which appellant appeals. Respondent did not appeal from the judgment against it, and that judgment has become final.

The assignments of error challenge the conclusions of law and may all be considered together. Upon all the facts as found by the court, is appellant liable on its bond to respondent? That is the only question. Appellant's liability, if any, is founded upon its contract of indemnity with respondent. There can be no liability not found within the terms of that contract. Gruber contracted with respondent, "to make, build and finish in a good, substantial and workmanlike manner, two certain one story frame shingle roof public school buildings" for which he agreed to "furnish all necessary labor and materials," except as thereinafter provided. There are no exceptions material to this inquiry. Appellant contracted to "indemnify and save harmless" the school district "from any pecuniary loss, resulting from the breach of any of the terms, covenants and conditions of said contract" to build, entered into by Gruber. The indemnity agreement was subject to certain provisions not material to this inquiry and therefore not set out. Before the buildings were completed, Gruber abandoned the contract and appellant completed the buildings and they were accepted by the school district. By reason of its action in completing the buildings, appellant claims the balance of the contract price, $900, held by respondent.

Appellant sees an inconsistency between the findings, conclusions, and judgment against respondent in favor of plaintiff, and the findings, conclusions, and judgment in favor of respondents against appellant, because it is contended there could be no recovery by plaintiff against respondent if respondent exacted a sufficient bond from Gruber as provided by section 7615, R. C. 1919, and the court having found there was no such bond, respondent cannot in the same action recover of appellant upon a bond, differing in language from the statute, but construed to cover a liability that if covered would exempt respondent from suit. Whether there is a real inconsistency we need not decide. The findings of fact to support respondent's judgment are separate and distinct from

those supporting plaintiff's judgment, and we have only to consider those supporting the judgment appealed from. The causes of action are not the same, and the only excuse for trying them in the same action is because of the issue concerning the unpaid balance of the contract price claimed by appellant in the hands of respondent. On this appeal we have no more to do with plaintiff's cause of action than if that had been tried in another action. We have only to consider appellant's liability under its contract. If plaintiff's recovery of respondent is not justified, that is a matter of no concern to appellant. Appellant must stand or fall on its own rights. Appellant concedes that one of the two judgments is right and therefore the trial court was half right in rendering the two judgments. If we take the judgment not before us and make it the basis for measuring the validity of the one before us, as appellant would have us do, and it happens to be wrong, then we will not be half right but all wrong. But we do not need to say the trial court was wrong in either, nor are the judgments necessarily inconsistent. The statute requires the bond of the contractor to be in the amount of the contract price. In this case the contract price was $6,500, while the bond is in the penal sum of $4,000. It may be that the liability covered was the same but not in the right amount. Or it may be that the liability covered is not the same, but of a character to protect the district against a loss resulting from a voluntary assumption of the statutory liability to pay if Gruber does not. We see no reason why indemnity might not be furnished for such risk. In the one case the bond would secure the payment for material by the contractor. In the other it would secure the district from loss in assuming payment for material. Does appellant's agreement cover either contingency?

Appellant argues, and cites numerous authorities in support, that a contract to furnish material for a building does not bind the contractor to pay for the material, but he may furnish it on credit. That simply because Gruber did not pay for the material bought of plaintiff did not breach his contract to furnish it, and there could be no liability on the part of appellant under its agreement to insure Gruber's performance of his contract. We think appellant is right in this contention, and that the following authorities cited support its position: Greenfield Lumber & Ice Co. v. Parker et al, 159 Ind. 571, 65 N. E. 747; Hart v. State, 120 Ind.

83, 21 N. E. 654, 24 N. E. 151; City of Sterling v. Wolf et al, 163 Ill. 467, 45 N. E. 218; Town of Grantville v. Fidelity & Dep. Co., 139 Ga. 53, 76 S. E. 575; McCausland & Co. v. Brown Const. Co., 172 N. C. 708, 90 S. E. 1010; Petrea et al v. Board of Directors of School Dist., 226 Ill. App. 145; Page on Contracts, vol. 4, p. 427, § 2408.

The statute (section 7615) requires a school board in letting a contract for building to exact of the contractor a bond in not less than the contract price, conditioned "for the faithful performance of such contract, * *_* with the additional obligation that such contractor shall promptly pay all persons supplying him with labor or material in the prosecution of the work provided for in such contract." Thus the statute recognizes a distinction between the obligation to furnish labor or material in performance of a contract to do so and the obligation to pay therefor. As appellant suggests, the contractor may furnish such labor or material on credit as well as by payment. The bond furnished by Gruber and executed by appellant as surety was not such a bond as the statute required the board to exact of Gruber. · Consequently there could be no proceedings by materialmen or the school district as upon a required statutory bond. But nevertheless Gruber gave a bond to the school district with appellant as surety thereon which all parties recognized as valid and binding. Appellant completed the buildings when Gruber failed to do so, and now claims it has fully performed all obligations required of it under the bond. Has it done so?

It did not contract to pay for any of the labor or material furnished. It may be conceded that Gruber or the surety could furnish those on credit, so long as they did not furnish them at the expense of the school district. A contract to furnish is a contract to furnish without expense to the promisee. MacKenzie v. Board of School Trustees, 72 Ind. 189. If that was done, neither the school district nor plaintiff has any cause of action on the bond.

Under section 7617 of our Code, where the proper bond is not exacted of the contractor (and in this case the bond was not sufficient either in the amount of the penalty or the terms of the indemnity) then the school district is made liable for the material or labor furnished and not paid for by the contractor. Under such circumstances the contractor might by proper contract furnish material upon his credit, or he might furnish the material upon the

credit of the district. In this case it is evident the material was not furnished upon the contractor's credit, but was furnished upon credit of the district. Was that a compliance with his contract to furnish the material? We think not.

The case of Stoddard et al v. Hibbler et al, 156 Mich. 335, 120 N. W. 787, 24 L. R. A. (N. S.) 1075, is directly in point involving a bond to save harmless from a contractor's default upon a contract to furnish material. The contractor failed to pay, and liens were filed which the owner would have to pay to clear his property. The court sustained his suit to hold the bond for loss thereby sustained. See also Sailling v. Morrell, 97 Neb. 454, 150 N. W. 195. A contract to furnish material most certainly must be construed to mean without expense to the promisee. Otherwise an agreement to furnish the material for a building would be of little or no value to the owner. The contract as a whole conclusively shows the intent of the parties that the contractor was to furnish the material without expense to the district, for the contractor was to receive a price based upon that assumption.

The liability of the district is not in tort for negligence. It is a statutory liability, the obligation imposed on the district being a substitute for the security allowed laborers and materialmen by liens upon private property.

The judgment appealed from is affirmed.

BROWN, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.