## The New Britain Lumber Company *vs.* American Surety Company of New York.

First Judicial District, Hartford, October Term, 1930.

Maltbie, Haines, Hinman, Banks and Avery, Js.

Argued October 15th, 1930—decided April 6th, 1931.

(1)

*Edward A. Mag,* with whom was *John F. McDermott,* for the appellant (plaintiff).

*George H. Day,* for the appellee (defendant).

AVERY, J.  The complaint alleges that the William H. Allen Company, Inc., as principal, and the defendant, as surety, executed a bond to the chairman of the school board in the town of Newington, conditioned that the principal would indemnify the town against any loss directly arising by reason of the failure of the principal to faithfully perform its contract with the town for the construction of a new high school, and would pay for all materials and labor used in the execution of the contract; that the plaintiff, knowing of the execution of the bond and relying thereon, furnished building materials which were used in the construction of the high school, and that the Allen Company has failed to pay for the materials so used.  The defendant demurred to the complaint upon several grounds which, as stated in its brief, may be summed up in two main contentions: (1) that the plaintiff had no right of action directly against the surety, but must proceed under the statute to collect from the town, and (2) that it was not alleged that the plaintiff had filed a statement of its claim within sixty days after ceasing to furnish materials, as required by the statute.  The demurrer refers in terms to Chapter 121 of the Public Acts of

1927, but both parties agree that the applicable statute is Chapter 170 of the Public Acts of 1925, appended in the footnote.

The bond which was annexed to the complaint as an exhibit reads as follows:

"KNOW ALL MEN BY THESE PRESENTS, That we, William H. Allen Company, Inc., of the city of New Britain, state of Connecticut, (hereinafter called the Principal), and the American Surety Company of New York (hereinafter called the Surety), as Surety, are held and firmly bound unto the Chairman, School Board, Town of Newington (hereinafter called the Obligee), in the sum of Seventy Four Thousand and 00/100 ($74,000.00) Dollars, for the payment whereof said Principal and Surety bind themselves firmly by these presents.

"WHEREAS, the Principal has entered into a written contract dated May 2nd, 1928, with the Obligee, for

---

Any officer or agent contracting in behalf of any town, city or borough, or subdivision thereof, for the construction, alteration, removal or repair of any public building, public road, public sewer or public bridge, shall, if such contract shall exceed the sum of five hundred dollars and the state shall not be a party thereto, require from each contractor, as a condition precedent to the execution of a contract for any such construction, alteration, removal or repair, a bond with sufficient surety, which bond shall be conditioned for the faithful execution of the contract according to its provisions and for the payment for all materials and labor used or employed in the execution of such contract. Any person, firm or corporation having any claim for materials or labor furnished in the execution of any such contract shall file with the officers or agents contracting for any such construction, alteration, removal or repairs, a statement of such claim within sixty days after ceasing to furnish materials or labor and such officer or agent shall cause such claim to be paid if he shall find the same to be correct, and the amount thereof shall be recovered with costs from the surety on such bond. The liability of any town, city or borough, or any subdivision thereof, shall not exceed in the whole the amount it agreed to pay such contractor. If the total amount of such claims shall exceed such contract price, then all such claims shall be paid pro rata.

furnishing materials and for the construction of a new High School, in the Town of Newington, Connecticut, in accordance with the specifications therefor prepared by Delbert K. Perry and Earle K. Bishop, Architects, a copy of which is hereto annexed:

"NOW THEREFORE, The condition of this obligation is such, that if the Principal shall indemnify the Obligee against any loss or damage directly arising by reason of the failure of the Principal to faithfully perform said contract, and shall pay for all materials and labor used or employed in the execution of the said contract, then this obligation shall be void; otherwise to remain in full force and effect.

"PROVIDED, HOWEVER, That no claim, suit or action by reason of any default shall be brought against the Principal or Surety after the twenty-fifth day of April, 1930."

Accompanying the bond, and attached to the complaint as an exhibit, was the contract between the contractor and the town, the owner. It is entitled "The Standard Form of Agreement between Contractor and Owner for Construction of Buildings," and contains the following pertinent provisions:

"Article 6. The Contract Documents—The General Conditions of the Contract, the Specifications and the Drawings, together with this Agreement, form the Contract, and they are as fully a part of the Contract as if hereto attached or herein repeated."

"Article 30. Guaranty Bonds. The Owner shall have the right, prior to the signing of the Contract, to require the Contractor to furnish bond covering the faithful performance of the Contract and the payment of all obligations arising thereunder, in such form as the Owner may prescribe and with such sureties as he may approve."

The bond sued upon in this case was conditioned

for the faithful performance of a contract to erect a public building for the town of Newington. Under the statute cited in the footnote, the agent contracting in behalf of the town was obligated by law to require from the contractor, as a condition precedent to the execution of the contract, a bond with sufficient surety conditioned for the faithful execution of the contract, and for the payment for all materials and labor used or employed in the execution thereof. The bond given in this case was, therefore, one required by the statute. An examination of the provisions of the bond shows that its language is substantially the language of the statute; and the bond runs to the officer who made the contract in behalf of the town, thus literally complying with the terms of the statute. The bond, being one required by the statute as a condition precedent to the execution of the contract, and the language of the instrument being almost identical with the language of the statute, the bond and statute are to be construed together; and the language of the bond is to be interpreted in the light of the statute and with a view to effectuating the legislative intent manifested therein. 5 McQuillin on Municipal Corporations (2d Ed.) p. 460; 44 Corpus Juris, 356; *St. Louis, Use of Contracting & Supply Co.*, v. *Hill-O'Meara Construction Co.*, 175 Mo. App. 555, 158 S. W. 98; *United States, Use of Hill, v. American Surety Co.*, 200 U. S. 197, 26 Sup. Ct. 168, 171. Where a statutory bond is given, the provisions of the statute will be read into the bond. *Philip Carey Co.* v. *Maryland Casualty Co.*, 201 Iowa, 1063, 206 N. W. 808, 810; *People* v. *Metropolitan Surety Co.*, 211 N. Y. 107, 105 N. E. 99, 107; *Nye-Schneider-Fowler Co.* v. *Roeser*, 103 Neb. 614, 173 N. W. 605, 607; *Monona County* v. *O'Connor*, 205 Iowa, 1119, 215 N. W. 803,

805: "If the law has made the instrument necessary, the parties are deemed to have had the law in contemplation when the contract was executed." *Fogarty* v. *Davis*, 305 Mo. 288, 295, 264 S. W. 879, 880. "The liability of the surety under a statutory bond is measured and defined by the statute; and [the] construction of the statute is a construction of the bond. In such a case, the statute becomes a guide to the surety as to the extent of the obligation assumed." *Schisel* v. *Marvill*, 198 Iowa, 725, 729, 197 N. W. 662, 663.

We are not dealing in this case with a situation like that presented in *Byram Lumber & Supply Co.* v. *Page*, 109 Conn. 256, 146 Atl. 293, which was a case where a private property owner procured a bond to be given by his contractor conditioned that the contractor, the principal in the bond, should "pay all persons who have contracts directly with the principal for labor or materials." We held that the purpose of the provision in that bond was to give rise to a direct obligation of the surety to subcontractors, and that the plaintiff in that case was entitled to recover, as a third party beneficiary of the contract, under the rule stated in this State by the decision in *Baurer* v. *Devenis*, 99 Conn. 203, 205, 121 Atl. 566.

Nor are we here dealing with a case where a bond, though required by statute, is by its terms broader and more comprehensive than the statutory provision, as in *Philadelphia* v. *Stewart*, 195 Pa. St. 309, 45 Atl. 1056, 1057; *Hilton* v. *Universal Construction Co.*, 202 Mo. App. 672, 216 S. W. 1034, 1037; *Philadelphia* v. *Harry C. Nichols Co.*, 214 Pa. St. 265, 63 Atl. 886, 888; *Clatsop County ex rel. Hilderbrand* v. *Feldschau*, 101 Ore. 369, 199 Pac. 953, 957, 18 A. L. R. 1221, and similar cases.

In the instant case, we are dealing with a bond so framed in the language of the statute as to permit

of no question that the extent of the liability of the surety under the bond is coterminous with the statute. There is no basis for any assumption that a greater liability was contemplated as against the surety than against the municipality. In *Pelton & King, Inc.* v. *Bethlehem*, 109 Conn. 547, 556, 147 Atl. 144, we traced the history of this statute and pointed out that "the primary purpose of the statute is to protect and benefit those who furnish materials and labor to the contractor on public work, in that they may be sure of payment of their just claims, without defeat or undue delay. . . . The above-mentioned purpose is accomplished, as to claimants, by construing the statute as entitling them to direct payment from the municipality."

But the statute prescribes that any person having any claim for materials or labor furnished in the execution of any such contract shall file with the officers or agents contracting for any such construction a statement of such claim within sixty days after ceasing to furnish materials or labor, and thereupon such officer or agent shall cause such claim to be paid if he shall find the same to be correct, and the amount thereof shall be recovered with costs from the surety under such bond. The filing of a statement of claim within sixty days is thus made a condition precedent to recover from the municipality. The general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right —it is a limitation of the liability itself as created, and not of the remedy alone." *DeMartino* v. *Siemon*, 90 Conn. 527, 528, 97 Atl. 765; *Crocker* v. *Hartford*, 66 Conn. 387, 390, 391, 34 Atl. 98; *Radezky* v. *Sargent & Co.*, 77 Conn. 110, 113, 58 Atl. 709; *Forbes* v.

*Suffield*, 81 Conn. 274, 276, 70 Atl. 1023; *Simmons* v. *Holcomb*, 98 Conn. 770, 774, 120 Atl. 510; *Walsh* v. *Waldron & Sons*, 112 Conn. 579, 584, 153 Atl. 298. The statute prescribes a specific course of conduct and a materialman is protected only if he follows such course. The statute does not, by its terms, give the materialman any independent alternative right against the surety, and the bond, being a statutory bond, and read, as it must be, in connection with the statute, cannot be construed as extending to the materialman any greater right against the surety than against the municipality. It follows, as a consequence, there being no allegation in the complaint that the plaintiff had filed a statement of its claim within sixty days after ceasing to furnish material, that the complaint sets forth no cause of action against the surety. We are not called upon to decide in this case whether, if such statement of claim had been seasonably filed, the plaintiff would have had a cause of action against the surety as well as against the town.

There is no error.

In this opinion MALTBIE, C. J., and HINMAN, J., concurred.

BANKS, J. (dissenting). If the bond upon which this action is brought had been given in connection with a building contract for a private owner, it is clear that it would have given rise to a direct obligation of the surety to subcontractors, and that the plaintiff would have been entitled to recover under the decision in *Byram Lumber & Supply Co.* v. *Page*, 109 Conn. 256, 146 Atl. 293. If the plaintiff is denied a right of recovery it is because this was a public building in the construction of which the statute requires that the contractor give a bond to protect

those furnishing material and labor upon the building, and because of a construction of the statute requiring a conclusion that the protection thus made mandatory was less extensive than that afforded by the same bond given for a private owner. I am unable to agree that such construction of the statute is required or permissible.

Prior to the adoption of the original act on this subject (Chapter 118 of the Public Acts of 1917) we held, in accordance with the weight of authority elsewhere, that a mechanic's lien did not attach to, and could not be enforced against, the public property of a state, county or municipality. Consequently laborers and materialmen upon public buildings were, prior to this legislation, relegated to recovery from the contractor alone, and were deprived of the means of obtaining security which were available, under mechanic's lien statutes, to those furnishing labor and materials in construction work for private owners. We said in *Pelton & King, Inc.* v. *Bethlehem*, 109 Conn. 547, 147 Atl. 144, that the primary purpose of the statute was to protect and benefit those who furnish materials and labor to the contractor on public work, in that they may be assured of payment of their just claims, without defeat or undue delay. The purpose of our mechanic's lien statute is to protect those who furnish labor and material in construction work for private owners. The purpose of this statute being to furnish such protection in the case of construction work upon public buildings, a legislative intent to furnish protection as complete and extensive as in the case of private work may fairly be inferred. This statute provides that a statement of claim shall be filed with the officer or agent of the municipality within sixty days after ceasing to furnish materials or labor. Under the analogous provision of the me-

chanic's lien statute (General Statutes, § 5106) no such lien is valid unless a certificate stating the amount claimed is filed in the town clerk's office within sixty days after ceasing to furnish materials or labor. No mechanic's lien attaches in a greater amount than the owner of the building agreed to pay (General Statutes, § 5108), and the liability of the municipality is limited under this statute to the amount it agreed to pay the contractor. The intention of this legislation was to furnish, in the case of the construction of public buildings, substantially the same sort of protection to laborers and materialmen as had theretofore been furnished them in the case of work done for a private owner. In *Byram Lumber & Supply Co.* v. *Page, supra,* the plaintiff was denied a right to foreclose its mechanic's lien but was granted an alternative right of action against the surety upon the bond of the contractor. Here the plaintiff, by his failure to follow the procedure outlined by this statute, is denied a right to enforce his claim against the owner, in this case the municipality. As we noted in that case, the tendency has been stronger to uphold a direct right of action against the surety in the case of contracts with public agencies because of the greater likelihood that in the making of such contracts regard would be paid to the interests of those furnishing labor and materials, and to the broader considerations arising out of the policy of assuring them a more secure basis for entering upon the work. Unless one who furnishes material or labor upon a public building is given a direct right of action against the surety upon a bond conditioned upon his payment for such labor or material, he receives less protection under this statute, enacted for his especial benefit, than he receives in the case of work done for a private owner. I doubt if an intention to produce

such result can be imputed to the legislature in view of the apparent purpose of this legislation. No doubt the filing of a statement of claim with the officers of the municipality within sixty days after the completion of the work is a condition precedent to recovery from it, as is the filing of a certificate of lien to the perfection of the lien in the case of a private owner, and the liability of the surety upon the bond to the municipality does not arise until the latter has itself paid the claim. This limitation upon the liability of the municipality is not in terms applied to the liability of the surety to the materialman which arises upon the bond unless negatived by the terms of the statute. The statute is here defining the rights of the materialman and laborer against the municipality and the provision requiring the sixty days' notice was inserted for its protection. No reason appears for extending such protection to the surety for the contractor who is himself the principal on the bond and directly responsible in any event to his materialmen and laborers. The statute requires a bond containing two conditions, (a) the faithful execution of the contract according to its provision, and (b) the payment for all materials and labor used or employed. The first condition is one of indemnity and the bond conforms to the statutory requirement by providing that the principal "shall indemnify the obligee against any loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract." The obvious purpose of this condition is to ensure the carrying out of the contract with the town and if the only remedy of the materialman is against the municipality there is no apparent reason for any further condition in the bond. The second condition adds nothing to the rights of the municipality to recover upon the bond but provides a direct obligation on the

part of the contractor to pay for all material and labor used or employed. It is an instrument of guaranty rather than indemnity and liability under it is not dependent upon the existence of facts prerequisite to liability to the municipality under the first condition. The language of the statute does not require a construction confining the remedy of the plaintiff to an action against the municipality, and such construction would be contrary to the apparent purpose of the legislature to protect the rights of those furnishing labor and material upon public buildings as fully as in the case of private construction. Similar statutes in other jurisdictions have generally been given a liberal interpretation "with a view of effecting their purpose to require payment to those who have contributed by their labor or material to the erection of buildings." *United States, Use of Hill,* v. *American Surety Co.,* 200 U. S. 197, 203, 26 Sup. Ct. 169.

In furtherance of such construction, bonds executed under statutory authority conditioned upon the payment of claims of laborers and materialmen have generally been held to be bonds of guaranty rather than indemnity unless the language requires a contrary construction, 44 Corpus Juris, p. 357, § 2544, the purpose of the bond being to afford such claim the same measure of protection as is given by the mechanic's lien law when the building is not of a public character. *St. Louis, Use of Contracting & Supply Co.,* v. *Hill O'Meara Construction Co.,* 175 Mo. App. 555, 158 S. W. 98.

Under some statutes the filing of notice or claim with the municipal officer within a specified time after completion of the work is a condition precedent to an action on the contractor's bond by a laborer or materialman. Where the filing of such notice is required to perfect the claimant's rights against the mu-

nicipality but is not by the terms of the statute made a condition precedent to an action upon the bond, it has been held that the failure to file the notice within the time specified in the statute does not bar an action against the sureties on the bond. *Streator Clay Mfg. Co.* v. *Henning-Vineyard Co.*, 176 Iowa, 297, 155 N. W. 1001; *Equitable Surety Co.* v. *Indiana Fuel Supply Co.*, 70 Ind. App. 75, 123 N. E. 22. Two later Iowa cases cited upon defendant's brief were brought under a more recent statute making the filing of notice a condition precedent to a right of action upon the bond.

This bond, if written in connection with a contract with a private owner, would have given the plaintiff a direct right of action against the surety though, by reason of his failure to file a certificate of lien within sixty days, he had lost his right to a lien upon the property of the owner. I find nothing in this statute, enacted for the purpose of giving him the same measure of protection as in the case of private work, which deprives him of the same right of action against the surety because, by his failure to file a statement of his claim with the town authorities within the required sixty days, he has lost his right to recover from the town.

In this opinion HAINES, J., concurred.