[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Paragraph 4 of the complaint alleges that Lewis Supply Company, Inc. furnished materials to R. E. Peterson, Inc. from June 20, 1990 to January 22, 1991, which materials has a reasonable value of $21,465.75. This is the amount claimed due and owing pursuant to Conn. Gen. Stats. 49-42(a). (See paragraph 6 of complaint.) Any written guarantee by Defendant Mercede on January 16, 1991, after the fact, does not alter the nature of the relationship between the parties during the time Lewin Supply Company, Inc. furnished materials. The plaintiff was a third tier supplier to R. E. Petersen, which status deprives him of a cause of action under Conn. Gen. Stats.49-42(a).
Additionally, because there was no direct contractual relationship, express or implied with the contractor furnishing the payment bond, the notice provision of Conn. Gen. Stats.49-42(a) does apply. The only question left is whether or not that provision is mandatory. While the statute uses the term "may," (as opposed to "shall") maximums of statutory construction must be applied with a common sense approach. In the context of its placement in the statute, "may" merely means that a first tier or second tier subcontractor is permitted to enforce his right to payment under the bond, but that he is not required to as his only avenue of redress. Even the plaintiff agrees with this interpretation. (Plaintiff's Brief in Opposition to Defendant's Motion to Strike at p. 6.) Moreover, recent Supreme Court authority confirms that the notice requirement of Conn. Gen. Stats. 49-42 is mandatory. CT Page 2060 Nor'easter Group, Inc. v. Colossale Concrete, Inc., 207 Conn. 468,479-480 N. 12.)
Therefore, the plaintiff's failure to allege compliance with the requisite notice provision as a condition precedent is fatal. New Britain Lumber Co. v. American Surety Co., 113 Conn. 1, 7 (1931); and Valley Oil Co., Inc. v. Barry,18 Conn. Sup. 42, 43 (1952). Accordingly, the motion to strike is granted.
KATZ, JUDGE