## SOLOMON KRAVITZ
### vs.
## ROBERT B. BRATTON

Superior Court     New Haven County          File #49539

Present:   Hon. CARL FOSTER, Judge.

Alexander Winnick,          Attorney for the Plaintiff.

Pond, Morgan & Morse,       Attorneys for the Defendant.

## MEMORANDUM FILED MAY 20, 1936.

FOSTER, J.   Referring to the complaint for the alleged facts, not repeating them in this memorandum, the demurrer raises the question as to whether a plaintiff can recover from a defendant for injuries caused by fright and nervous shock, unaccompanied by force.

The decisions of other States are not in accord on this question. The Supreme Court of Errors of this State has

not decided the question. The law of this State as what is "proximate cause" has been settled. **Mahoney vs. Beatman, 110 Conn., 184.** Whether negligence of the defendant of which complaint is made was the proximate cause of the injuries alleged is a question of fact, not a question of law.

If there be no physical contact between the plaintiff and the defendant causing the injury, such failure of contact may have weight in determining the presence or absence of proximate cause. The final question is still one of fact. If several blocks are placed on end in a row and the end block knocked down against the next one so that in the succession of blocks the last one in the row falls, the force that knocked down the first block was the proximate cause of the falling of the last block, even though there was no contact between the motivating force and the last block. So, if negligence causes fright and fright causes injury of a character for which recovery lies, the negligence may be the proximate cause of the injury.

The time elapsing between the negligence and the injury may be important upon proof of facts, but it is not decisive as a question of law. Proximate cause may be near in time and place to the injury; there may be much distance in time and place between the two.

The complaint alleges certain negligence of the defendant; certain injuries sustained by the plaintiff; that the negligence was a proximate cause of the injuries. I am of the opinion that whether or not the alleged negligence was a proximate cause of the alleged injuries is a question of fact, not a question of law.

The demurrer is overruled on all grounds therein contained.