## ANNA M. HART
### vs.
## EDWARD W. DEWEY, ET AL.

Superior Court        Hartford County        File #53324

Present: Hon. JOHN A. CORNELL, Judge.

Cornelius J. Danaher,        Attorney for the Plaintiff.

Pelgrift & Blumenfeld,        Attorneys for the Defendants

### MEMORANDUM FILED JUNE 6, 1936.

CORNELL, J. The demurrer is adressed to the "complaint". A substituted complaint differing in but one material particular from the original, was filed on April 2, 1936. Since the demurrer was filed on April 14, 1936, it is assumed that it is the substituted complaint at which it is levelled.

The plaintiff obtained a judgment against one Falk who as a deputy sheriff, it is alleged, (and admitted for the purpose of the demurrer) has been found to have been guilty of certain neglects of duty in serving and returning process delivered to him by plaintiff's attorney in an action against other parties whereby the plaintiff lost the benefit of a garnishment of money and the hope of satisfying a judgment later awarded her.

This action pends against the county sheriff and the surety of a certain bond furnished by the said deputy sheriff and its purpose is to collect a judgment awarded plaintiff because of the deputy's neglect.

Both plaintiff and defendants contend that the bond is a statutory one required to be and given in accordance with the provisions of **General Statutes, Rev. 1930, Sec. 234.**

They are at odds, however, as to whether the bond called for by the statute in question is one the purpose and intent of which is merely to indemnify a county sheriff or whether, in addition to so doing, a right of action is conferred on any member of the general public who suffers damage as a result of the default of a deputy sheriff, to collect any judgment obtained on that account from the surety on the latter's said bond.

To be sure, if the bond is statutory the intent of the under-

taking is to be determined from a construction of the pertinent statute. **New Britain Lumber Co. vs. American Surety Co., 113 Conn. 1.**

Even the mutual assumptions of the parties, however, that the bond in suit is a statutory one, are impotent to define its character. So that the immediate question is, is it the undertaking entered into in pursuance of the provisions of the statute that both of the parties contend it is?

For the purpose of discussion—but for that only—let it be assumed that the intent of the statute, and, therefore, that of any bond executed in pursuance of its direction is as plaintiff claims, twofold, viz., (1) to indemnify the county sheriff against any damage which the latter may be subjected to because the deputy fails to "faithfuly discharge the duties of his office" and (2) to pay directly to any person damaged "by reason of his unfaithfulness or neglect" all damages which such a person may sustain.

In that case, the second of these propostinations must be derived from that portion of the language of the statute which reads: ". . . . and answer all damages which any person may sustain by reason of his unfaithfulness or neglect."

The condition of the bond here in suit, however, reads as follows:

> "Now, therefore, if the said Walter Falk shall at all times well and truly perform and fulfill the duties of his said office of Deputy Sheriff and shall save harmless the said Edward W. Dewey, as aforesaid from all damages and costs which may arise in consequence of any unfaithfulness, misfeasance, neglect or default in the said office of the said Walter Falk, then the above obligation shall be null and void; otherwise it shall remain in full force."

It will be noted that the first portion of this describes, in effect one obligation stated in the statute which in part reads: "that he will faithfully discharge the duties of his office". The remaining part of the condition is a specific agreement to indemnify the county sheriff. In neither portion is there anything approaching a special engagement to pay third persons such as was contained in the bond, considered in **Byram Lumber & Supply Co. vs. Page, 109 Conn., 256,** nor in the

statutory bond which was the subject of attention in **New Britain Lumber Co. vs. American Surety Co., 113 Conn. 1.** Nor is there any phrase of which the substantial purport is that of the language of the statute, viz., to "answer all damages which any person may sustain by reason of his unfaithfulness and neglect" if this phrase may be interpreted to express an intention to provide a right of action against the surety to third persons.

It is not without significance, that while the palintiff depends upon the phraseology of the statute (234) to clothe him with the right as a third party to maintain this action against the surety on the bond, she fails to allege in her complaint that the bond was executed in accordance with or to satisfy the requirements of the statute.

It does not follow, of course, that because the statute required that Falk as a deputy sheriff become obligated to give a bond of the tenor described therein, that any bond that he executed was one which expressed the intention contemplated by the statute. The demand of the statute might furnish the occasion for the giving of a bond, but the question may still remain whether the bond actually furnished is one which fails to fulfill or on the other hand, describes an undertaking involving obligations in excess, even, of those expressed in the statute or an entirely different one.

A frequent example of this is the practice sometimes resorted to by parties whose property is or is about to be attached who instead of merely furnishing a statutory bond, give one to satisfy any judgment that may be rendered in the cause. The **Robertson & Govanne Contracting Company vs. The Aetna Accident & Liability Company, 91 Conn. 129; Schunack vs. Art Metal Novelty Co., 84 Conn. 331; Jacobs & Co. vs. Steiber, 90 Conn. 507; Pullman Metal Spe-Sec. 97.**

Of course, the intention of the parties to the bond is not to be discovered, alone, from the language which it used in the writing. Like any other contract it is to be considered in the light of the circumstances which surrounded the parties at the time, the business in which they were engaged, etc., etc. In this connection it may be pointed out that the allegations of the complaint are not inconsistant with the theory

that the bond in suit was given as the result of some private arrangement between the defendant, Dewey, and his deputy entirely without reference to and independent of the provisions of the statute or even in addition to a bond required by statute.

Because neither the language of the bond nor any allegation in the complaint shows that the bond was executed in conformity with the provisions of **General Statutes, Rev. 1930, 234,** or to satisfy its requirements, the third ground of demurrer is overruled.

The demurrer is sustained on the first and second grounds, the former of which alleges lack of privity between the plaintiff and the demurring defendant and the latter of which claims that the bond was executed to indemnify the defendant Dewey only, and that the plaintiff acquires no rights thereunder.