FRANCES O'CONNELL, nee FRANCES DeMANUEL
vs.
ORTON T. SWEET

Superior Court        Middlesex County        File #6764

Present:   Hon. ALFRED C. BALDWIN, Judge.

Samuel H. Rosenthal,              Attorney for the Plaintiff.

Bernard Kosicki,                  Attorney for the Defendant.

MEMORANDUM FILED JUNE 25, 1936.

BALDWIN, J.   This action was brought to recover damages resulting from injuries caused by being kicked by a horse owned by the defendant. The complaint alleges that the horse had a vicious propensity to kick and rear at all times, and more particularly at times when other horses were around it and that the defendant had full knowledge of this vicious propensity.

Negligence is also alleged in the manner of the use of this

horse at the time in question by the defendant, she having knowledge, as alleged, of this propensity.

The evidence as to the nature of the horse—whether vicious or gentle—was in sharp conflict, and there was substantial disagreement in the evidence as to the circumstances immediately preceding the injury.

. The defendant owns a roan mare; she was seven years old at the time of the plaintiff's injury which occurred December 12, 1933. Defendant had owned her from the preceding Spring. She was used only for horseback riding. She was boarded at a riding stable and used by the defendant and her children, and, on occasions, by those having her care at the stable.

Neither the plaintiff nor the defendant are experienced in the care or handling of horses. They were, at the time, learning horseback riding and had had but little of this experience.

There was evidence that this mare at certain periods, on some occasions when in her stall and when leading another horse behind her, if she were not spoken to or told to step up in her stall, would kick at the horse led behind her and that she would kick if one rode up behind her.

There was evidence that she was gentle and of good disposition, handled and ridden by different persons, including plaintiff's children and that she would admit of children passing under her.

On the afternoon of the day in question plaintiff and defendant went riding with the riding master at whose stable defendant's horse was kept, plaintiff being mounted upon a horse she had at time hired from this stable, defendant being mounted upon her roan mare. While out on a country road defendant's horse kicked plaintiff, fracturing the middle third of the left tibia, this fracture being a simple fracture with no displacement. There was also a bruise or injury to the fleshy part of the leg over the fracture such as might be made by the shoe, or the caulk of the shoe of the horse.

The day was a fairly brisk cold day in December with some snow on the ground. The evidence was in conflict as to whether defendant rode up from behind plaintiff and as she passed plaintiff's horse kicked causing the injury, or whether plaintiff rode up from behind defendant and as she rode up

defendant's horse kicked, or whether they were riding alongside each other and started off in a canter and the injury occurred.

Plaintiff's counsel has cited authorities in his brief, all the way from the Code of Hammurabi and from Exodus down to and including the 117th of Connecticut, but my difficulty has been to find that plaintiff has sustained the burden of proof that this mare was of such vicious propensities as to be liable to kick and cause injury to one when she was being ridden upon the highway with another or others, or, further, that she was of such propensity and that defendant had such knowledge of her propensity as would lead a reasonably prudent person to foresee such danger and guard against it. I am not able to find under all circumstances disclosed that the unfortunate injuries plaintiff suffered were other than accidental in which no liability to defendant attaches.

Judgment may therefore be entered for the defendant.