BUCKLEY, CREEDON & DANAHER, ex rel.
THE BRYANT & CHAPMAN COMPANY
vs.
EDWARD G. WOODWARD

Superior Court        Hartford County        File #55093

Present: Hon. JOHN RUFUS BOOTH, Judge.

Buckley, Creedon & Danaher,        Attorneys for the Plaintiffs.

MEMORANDUM FILED JANUARY 4, 1937.

BOOTH (JOHN RUFUS), J.   The action is for an alternative writ of mandamus to compel the respondent as Dairy and Food Commissioner to grant to the relator a permit to import milk into Connecticut from a certain location known as the Dellwood area in the State of New York.   The respondent moves to quash said writ for various reasons.

In the first place it is claimed that as the writ is not brought in the name of the State it is vitally defective.   While it is true as pointed out in **State vs. Towers, 71 Conn. 663; Thompson vs. Troup, 74 Conn. 121; State ex rel Rowland vs. Smith, 91 Conn., 110, 113,** and several other cases in this jurisdiction, that a writ of mandamus is in this State so far a prerogative writ that it ought regularly to issue only in the name of the State, this rule is not inflexible.   Whether it should or should not be adhered to depends on certain circumstances.   If the injury which is sought to be redressed is public in its nature affecting only public interests, the writ should issue only at the relation of the State. On the other hand, if the injury is private in nature, affecting only private rights, the writ may properly issue at the relation of a private individual.   In determining whether the injury involved affects only public interests the question is whether the duty sought to be enforced is one due to the government as such.   If it is, then the right to enforce such duty lies solely with the State and consequently action by mandamus in such a situation must be at the relation of the State.   Where the duty sought to be enforced is not due to the government as such, however, but is due to the public at large, mandamus may properly issue at the relation of a private person even though the duty involved is of a private character and is to be performed by a public officer.   **High on Extraordinary Remedies, Third Edition, Section 430 A, at page 420; Union Pacific Railroad Company vs. Hull, 91 U.S. 343 at 355; State vs. Brown, 38 Ohio State 344; Attorney General vs. Boston, 123 Mass. 460-479.**

In the present case the claimed duty which is sought to be

enforced is to issue a permit to individuals applying therefor. That such duty is to the public at large and not to the government as such is self-evident. Such being the situation, the writ as issued is not defective because it is at the relation of a private individual and not at the relation of the State.

It is further claimed that the respondent has a discretion in reference to the act of issuing a permit to import milk which cannot be controlled by the Court. The allegations of the petition recite an application to import milk from the Dellwood area in New York State. It is further alleged that this area is a part of the present natural milk shed of Connecticut. Under the terms of the Statute, 952 C, it is, of course, true that no such permit could legally issue unless the source of the milk supply was inspected and approved. If it should appear, as it well might, upon the trial, that the milk sought to be imported was from a duly inspected and approved source, it is difficult to see how the refusal of the respondent to issue the permit applied for is dependent upon an exercise of a proper discretion. No mention is made in the motion to quash of any failure to allege such inspection and approval of the source. It could be proven under the allegations of the application and become a ground for the relief prayed for. It therefore does not appear that there is such discretion in the respondent that the writ should be quashed.

It is further claimed that the relator has no such substantial or practical interest in the act sought as would justify the extraordinary remedy prayed for. It is needless in this connection to recite the allegations of the application. It is apparent from them that a very substantial interest may be involved and proof of its character and extent could certainly be made on the trial. There is no merit in this claim.

It is still further contended that there is no precise allegation that there is no other legal or equitable relief open to the relator. This is also without merit unless the other allegations in the petition for the writ set forth a situation fairly demonstrating such other relief.

The Statute makes no provision for appeals from the decisions of the Commissioner in applications of this kind. If he has no discretion on the facts as they finally develop the relator has no other remedy than through this writ.

The application fairly sets up a basis for the relief claimed and the motion to quash is, therefore, overruled.