## JOSEPH IADAROLA, p.p.a.
### vs.
## CITY OF WATERBURY

Superior Court      New Haven County      File #11786
At Waterbury

Present: Hon. FRANK P. McEVOY, Judge.

Greco & Hennessy,           Attorneys for the Plaintiff.

Charles O'Connor;
T. S. Sullivan,              Attorneys for the Defendant.

**MEMORANDUM FILED MARCH 25, 1937.**

McEVOY, J. As the pleadings now stand it is fairly alleged that the street where the plaintiff is alleged to have been injured was defective and dangerous and a nuisance (paragraph 4); that an excavation was produced by permission and authority of the defendant (paragraph 4); and that the alleged injury to the plaintiff occurred "as a result of the said act and omission of the defendant" (paragraph 6).

The defendant's demurrer is addressed to the complaint

in the whole.

The complaint sets out, in one count, a claim based jointly on negligence **and** nuisance.

Taking up the defendant's demurrer by paragraph:—

1. The first paragraph of the demurrer is based on the failure of the plaintiff to allege that the notice required by **Section 1420, G. S., 1930,** was given by the plaintiff or that the plaintiff's action was commenced within the statutory period of sixty days.

However availing that claim might be if addressed to a count based upon negligence only, it may not avail against a claim based on negligence and nuisance jointly.

2. The second paragraph of the demurrer sets out that the negligence of the defendant was not the sole proximate cause of the plaintiff's injury.

This claim is unavailing for two reasons: (a) That it is addressed to the negligence feature only and not to the alle-gation of alleged nuisance; (b) That it does appear in the complaint that the alleged acts or omissions of the defendant produced and created a nuisance.

It is true that, in the course of the oral argument on the demurrer, counsel for the defendant referred to work claimed by counsel for the defendant to have been done by a third party or parties.

This was in the nature of a "speaking demurrer".

A demurrer "searches the record". This "search" reveals no allegation that a third party had any connection with any act which may be said to have injuriously affected the plaintiff.

3. The third ground of the defendant's demurrer sets out the conventional claim of law that in the performance of a governmental duty no cause of action arises except by a statutory provision.

Fundamentally this claim is sound insofar as it refers to the negligence alleged, qualified, however, by the facts which may appear upon the trial. This claim has no bearing upon nor does it affect the claim of nuisance which is set out in the complaint.

4. The fourth ground of the defendant's demurrer is that

the action of nuisance alleged would not justify a judgment against the defendant upon the ground of nuisance.

Viewed in its aspect most favorable to the plaintiff, it would appear that the facts alleged furnish a sufficient basis for the introduction of evidence upon which subordinate facts may be found which would be sufficient to justify a charge of the court to the jury, leaving the determination of these facts and the application of the law, as stated by the court, to the jury for their determination.

5-6. The fifth and sixth grounds of the demurrer involve the determination of facts prior to the presentation of evidence determinative of them.

For all reasons stated, the demurrer is overruled.