[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant has moved to strike the claim in the complaint for double and treble damages. A motion to strike can be used to contest the legal sufficiency of any prayer for relief in a complaint. Section 152(2), Connecticut Practice Book. With a motion to strike the facts alleged in the complaint and facts necessarily implied from the facts in it are accepted as true, but the motion does not admit legal conclusions. Blancato v. Feldspar Corporation, 203 Conn. 34, CT Page 2227 36, 37; Burns v. Gleason Plant Security, Inc., 10 Conn. App. 480,482. Assuming the facts alleged in the complaint can be proven, the question before the Court is whether those allegations are sufficient to allow a recovery of double or treble damages based upon section 14-295 of the General Statutes as amended by Public Act 88-229. Section 14-295 was declared unconstitutional in Bishop v. Kelly, 206 Conn. 608
because it took away from the jury the factual issue of the amount of damages to be awarded a successful plaintiff, and left the question of whether double or treble damages should be given to the trial judge's discretion, depriving the plaintiff to a trial by jury on all factual questions.
The effect of the decision in Bishop v. Kelly, supra, was to make the statute unenforceable. State v. Menillo,171 Conn. 141, 147. In addition, the legislature repealed the prior statute entirely when it passed P.A. 88-229. Unless otherwise provided, all public acts take effect on the first day of October following the session of the General Assembly at which they are passed. Section 2-32 C.G.S. Since there is no provision making the new statute effective on passage or any particular date, it took effect on October 1, 1988. The accident here occurred on September 30, 1988.
Public Act 88-229 makes several material changes from the prior version of section 14-295: (1) the trier of fact, which may be a jury, decides whether to award double or treble damages; (2) there is a major change in the statutes which, if violated, form the basis for a double or treble damages award under section 14-295; (3) the claimant must now specifically plead that another party has operated a motor vehicle deliberately or with reckless disregard of one of the specified statutes. Where, as here, statutory amendments affect substantive rights, they are not applied retroactively, unless it clearly and unequivocally appears that the legislature intended the amendment to be given retroactive effect. Section 55-3 C.G.S.; Waterbury Petroleum Products, Inc. v. Canaan Oil Fuel Co., 193 Conn. 208, 232,233; Ahern v. New Haven, 190 Conn. 77, 80; Moore v. McNamara,201 Conn. 16, 22. The amended statute only applies to claims arising on or after October 1, 1988.
Other Superior Court decisions have reached the same result, including, among others, Friese v. Mentzel,3 CSCR 883 (October 13, 1988); Abell v, Dyer, 4 CSCR 74 (December 5, 1988); Griffin v. Edmond, 4 CSCR 31 (November 21, 1988); Cappiello v. Krasnager, 4 CSCR 115 (December 23, 1988); Canderlaria v. Rodriguez, 4 CSCR 178 (January 1, 1989).
The plaintiff claims that if she pleads violations of CT Page 2228 statutes specified in the amended version of section 14-295
and, as here, commences the action after October 1, 1988, that she can recover double or treble damages. None of the statutes relied upon by the plaintiff gave a right to recover double or treble damages under the prior version of section14-295. Accordingly, it is unnecessary to consider whether a claim can be made based upon statutes which were referenced in the prior statute, Mallon v. Lano, 4 CSCR 407 (1989); Martin v. Stomboli, 4 CSCR 246 (1989); or whether any version of section 14-295 applied on the date of the accident, after Bishop v. Kelly, supra, had invalidated section 14-295.
There are two related fundamental problems with the plaintiff's argument. Public Act 88-229 made several changes in the statute, indicating clear intent that it should not be applied retroactively. Frost v. Hayes, 4 CSCR 818 (1989). If the plaintiff's position is correct, by delaying institution of suit until after October 1, 1988 (up to the limits of the statute of limitations) the plaintiff can in effect create a cause of action where one otherwise would not exist. This would lead to inconsistent results, depending on when suit was started, and would be an end around legislative intent shown by multiple, comprehensive changes made to section 14-295.
The date of the accrual of the cause of action, the date of the accident, controls which version of the statute governs each case. In this case the plaintiff barely missed the effective date of the new statute, since the accident happened at 11:45 p. m. on September 30, 1988. The line has to be drawn somewhere, however, and as the inventor of 6-UP knows, close is not good enough.
The motion to strike is granted.
ROBERT A. FULLER, JUDGE