[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is a breach of contract action by a plaintiff property owner against the defendant landscape service claiming that the work was done in an unskillful and negligent manner.
The defendant moves to strike the revised Count II which is based upon an unfair trade practice, and the revised Count III which is based on a violation of the Home Improvement Contractors Act, section 20-418, et seq. of the General Statutes.
The defendant grounds his motion to strike the revised Count II of the complaint on the claim that a failure "to correct the deficiencies" does not constitute an unfair trade practice under General Statutes sec. 42-110g et. seq. (CUTPA).
A simple allegation of breach of contract does not state a claim upon which relief can be granted under CUTPA. Jarasek v. Chrysler House Associates Limited Partnership,4 CSCR 73, 74 (December 2, 1988, O'Connor, J.); Janet Sachs, Inc. v. Magnotti, 1 CSCR 879 (October 27, 1986, Higgins, J.). Accordingly, the motion to strike Count II of the plaintiff's complaint is granted.
Count III of the revised complaint alleges a statutory violation of the Home Improvement Contractors Act claiming that the defendant was not licensed with the State of Connecticut, neglected to provide a written contract, and failed to provide a start and completion date in a written contract form. CT Page 898
There is no factual allegation in plaintiff's complaint that the subject property was a home to which the statute (sec. 20-418, et seq.) could apply. The motion to strike challenges the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The motion to strike also admits all well-pleaded facts and those necessarily implied from the allegations of the complaint. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 208
(1987). Here, we have no way of knowing whether the property being landscaped was commercial real estate or residential property.
The protection afforded by the Home Improvement Contractors Act is for the benefit of the consumer homeowner. A. W. Campbell Company v. Jan Cryckiewz, et al., Sup. Ct. J.D. (CV 90-0441254, January 15, 1991, Aronson, J.).
Accordingly, defendant's motion to strike Count III of plaintiff's revised complaint is granted.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT