[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#111)
The plaintiff alleges in his complaint that the defendant violated several vehicular statutes and caused a collision that severely injured the plaintiff. The plaintiff seeks double or treble money damages pursuant to Conn. Gen. Stat.14-295.
The defendant filed a motion to strike the claim for double or treble damages, arguing that 14-295 could not be applied retroactively. The collision occurred March 23, 1988, after the prior version of 14-295 was declared unconstitutional, but before enactment of the current version, which became effective October 1, 1988.
A motion to strike may be used by any party to contest the legal sufficiency of any complaint, counterclaim, or cross-claim. Practice Book 152; also Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985).
The repealed version of Conn. Gen. Stat. 14-295 provided that:
 Each person who by neglecting to conform to any provision of 14-230 to 14-242, inclusive, or 14-245, or 14-247, causes any injury to the person or property of another, shall be liable to the party injured in double or treble damages if, in the discretion of the court in which any action is pending, double or treble damages are just, with the costs of such action.
The statute gave the courts discretion to impose double or treble damages when justice so required.
The Connecticut Supreme Court declared the statute unconstitutional in Bishop v. Kelly, 206 Conn. 608 (1988), holding that the factfinder, not the court, must determine the issue of multiple damages.
 [Section] 14-295 arrogates to the court the responsibility for making a factual finding that is crucial to the question of the defendant's liability for multiple damages. CT Page 3901 Under the circumstances, `this statute allows the court to interfere with and invade the factfinding function of the jury by permitting it to substitute its judgment for that of the jury.'
Id. at 620-621.
Responding to the court's decision in Bishop, the state legislature repealed 14-295 and enacted Public Act 88-229. The new version of 14-295, which took effect October 1, 1988, provides:
 In a civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of 14-218a, 14-219, 14-222, 14-227a 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
The legislature included new trigger statutes, although14-230, the statute plaintiff claims here, was retained from the old version.
Conn. Gen. Stat. 55-3 states: "No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect." The supreme court has held that "[t]he general rule is that laws are to be interpreted as operating prospectively and considered as furnishing a rule for future cases only, unless they contain language unequivocally and certainly embracing past transactions." Massa v. Nastri, 125 Conn. 144,147 (1939); also Moore v. McNamara, 201 Conn. 16, 22 (1986). Public Act 88-229 is silent as to whether it is prospective or retrospective.
There is a split among the superior courts as to whether the new statute applies retroactively. Many superior court cases hold that 14-295 is not retroactive. See e.g., Pena-Walzak v. Johnson, 2 CTLR 152 (August 27, 1990, Miano, J.); DiBiaso v. Kelly, 1 CTLR 495 (April 12, 1990, Schimelman, J.); Agoni v. Homes, 1 CTLR 681 (May 30, 1990, Flanagan, J.); Janton v. Leland, 2 CTLR 395 (October 2, 1990, CT Page 3902 Mulcahy, J.); Candelaria v. Rodriquez, 4 CSCR 178 (January 12, 1989, Stanley, J.); Frost v. Hayes, 4 CSCR 818 (October 16, 1989, Flanagan, J.); Griffin v. Edmond, 4 CSCR 31 (November 21, 1988, Koletsky, J.); Capiello v. Krasnager, 4 CSCR 115
(December 23, 1988, Flanagan, J.); Abell v. Dyer, 4 CSCR 74
(December 5, 1988, Leuba, J.); 4 CSCR 74 (December 5, 1988, Leuba, J.); Mancini v. Town of West Hartford, 4 CSCR 532 (May 29, 1989, Norko, J.); Murgatory v. Platt, 4 CSCR 113 (December 21, 1988, O'Brien, J.); Viehmann v. Pattison, 4 CSCR 114
(December 19, 1988, Reynolds, J.). A minority of courts, however, would apply the statute retroactively. See e.g., Martin v. Stomboli, 4 CSCR 246 (February 3, 1989, Flanagan, J.); Christensen v. Duplin, 4 CSCR 331 (March 27, 1989, O'Connor, J.); Mallon v. Lano, 4 CSCR 407 (April 26, 1989, Corrigan, J.).
Because Public Act 88-229 is silent regarding the retroactivity of the statute, the court must consider whether it affects substantive or procedural rights. Pena-Walzak, 2 CTLR at 153; also Jones Destruction, Inc. v. Upjohn, 161 Conn. 191,195 (1971).
There are substantial and significant differences between the new statute and its predecessor. Public Act 88-229 gave the factfinder the authority to assess multiple damages. "This resting of authority in the trier of fact is the creation of a right which did not appear in the original statute." Pena-Walzak, 2 CTLR at 153. Moreover, the act eliminated three, and added eight new, trigger statutes. The act also requires the plaintiff to allege that the defendant "deliberately" or "with reckless disregard" violated the particular trigger statute, and that the violation was a "substantial factor" causing the injury. These are substantive changes.
Finally, the plaintiff argues that the new 14-295 is the operative statute because his complaint bore a return date of February 13, 1990. Therefore, says the plaintiff, he instituted his action after the new statute became effective on October 1, 1988. In support, the plaintiff cited Christensen v. Duplin, 4 CSCR 331, 332 (March 27, 1989, O'Connor, J.). The court in Christensen found the double or treble damage claim viable because "Public Act 88-229 was in effect on the date this action was instituted." Id.
This court agrees with the ruling in Candelario v. Rodriquez, 4 CSCR 178, 179 (January 12, 1989, Stanley, J.) ("[T]he determinative date must be the date of the alleged incident rather than the date of the writ or its return.") In Broderick v. King, 2 CTLR 332 (September 21, 1990, Fuller, CT Page 3903 J.), the court had this to say:
 Public Act 88-229 made several changes in the statute, indicating clear intent that it should not be applied retroactively. Frost v. Hayes, 4 CSCR 818 (1989). If the plaintiff's position is correct, by delaying institution of suit until after October 1, 1988 (up to the limits of the statute of limitations) the plaintiff can in effect create a cause of action where one otherwise would not exist. This would lead to inconsistent results, depending on when suit was started, and would be an end around legislative intent shown by multiple, comprehensive changes made to section 14-295.
The statute under which plaintiff claims is substantive and cannot be applied retroactively. The motion to strike is granted.
E. EUGENE SPEAR, JUDGE