[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case arises from an automobile collision which occurred on June 6, 1988. The date of such incident was subsequent to the Supreme Court decision in Bishop v. Kelly,206 Conn. 608 (1988), which was released on March 22, 1988.
The decision in Bishop v. Kelly, supra, declared the existing double or treble personal injury damage statute Conn. Gen. Stat. Sec. 14-295 unconstitutional.
The legislature corrected and modified the statute by legislation effective October 1, 1988, subsequent to the date of the incident.
In order for the plaintiff to maintain his claim for double or treble damages pursuant to Conn. Gen. Stat. Sec.14-295; it must be applied retroactively.
Conn. Gen. Stat. Sec. 14-295 expanded the member of "triggering" statutory violation from 9 to 14. The addition of five (5) statutory "triggers" constituted a substantive change in the law.
Plaintiff in the instant action seeks double or treble damages on the basis of two triggering statutes, 14-240 and14-218a. The Conn. Gen. Stat. Sec. 14-218a triggering statute was one of the five (5) statutes added effective October 1, 1988. Conn. Gen. Stat. Sec. 14-240 was included in both the pre and past Bishop v. Kelly versions of Conn. Gen. Stat. Sec. 14-295.
The creation of substantive rights generally requires that statutes be given only prospective application, see Little v. Ives 158 Conn. 452, 457 (1969).
The Superior Court decisions suggest a split of authority see Friese v. Mentzel, 14 CLT No. 47, p. 21 (November 28, 1988), Griffin v. Edmond, No. 090795 Superior Court, New London (November 21, 1989), Abell v. Dyer, 15 CLT No. 5, p. 37 (January 30, 1989), Candelaria v. Rodriquez, 15 CLT No. 11 (March 13, 1989) and Cappiello v. Krasnager, 15 CT Page 9584 CLT No. 7 (February 13, 1989), finding the statute prospective. The following cases have found the statute retroactive Szafranski v. Czeczotka, 4 CSCR 743 (September 6, 1989, Jones, J.); Christensen v. Duplin, 4 CSCR 331 (March 27, 1989, O'Connor, J.); Mallon v. Lano, 4 CSCR 407 (April 26, 1989, Corrigan, J.); Martin v. Stomboli, 4 CSCR 246
(February 3, 1989, Flanagan, J.).
The Court finds under the circumstances of this case a claim under a "triggering" statute; which was not added to Conn. Gen. Stat. Sec. 14-295 until after the date of the collision; to preclude the retroactive application of the statute.
If it cannot in its entirety be applied retroactively, it would be better practice to ascribe a single intent to the legislature. The statute by adding new substantive "triggers"; must be construed prospectively only in its entirety. The internal inconsistency is an odd result which has no basis in the legislative history or legal precedent.
The Motion to Strike plaintiff's prayer for relief in double or treble damages pursuant to Conn. Gen. Stat. Sec.14-295 is granted.
Hon. Robert McWeeny Superior Court Judge