[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff instituted the present action claiming damages for personal injuries arising out of a motor vehicle accident and has claimed double or treble damages pursuant to General Statutes Section 14-295. The defendant has moved to strike the punitive damages claim on the grounds that the operative statute was not in effect on the date of the accident.
The predecessor of General Statutes Section 14-295 was declared unconstitutional by our Supreme Court in Bishop v. Kelly,206 Conn. 608 (1988). The statute was subsequently amended byPublic Act 88-229, effective October 1, 1988, so that double or treble damages may be awarded by the trier of fact where the injured party has pleaded that the defendant has deliberately and with reckless disregard operated a motor vehicle in violation to certain stated statutes. The accident in the present case occurred on April 21, 1988 and accordingly there was no valid statute in effect at that time providing for double or treble damage.
No provision of the General Statutes which imposes a new obligation is to be construed to have retrospective effect, General Statutes Section 55-3, and where substantive rights are involved, courts apply statutes prospectively only unless it clearly and unequivocally appears it was the legislative intent that the statute be given retroactive effect. Waterbury Petroleum Products, Inc., v. Canaan Oil and Fuel Co., 193 Conn. 208, 232 (1984). There is nothing in the language of General Statutes Section 14-295 which indicates a legislative intent to apply the statute retroactively. The Court holds that the provisions for the award of double or treble damages contained in General Statutes Section 14-295 are substantive in nature and should not be applied retroactively. Mule v. Dupry, 5 CSCR 268 (1990) (Freed, J.); Frost v. Hayes, 4 CSCR 818
(1989) (Flanagan, J.); Abell v. Dyer, 4 CSCR 74 (1989) (Leuba, J.).
Accordingly, the Motion to Strike is granted.
RUSH, JUDGE