[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE MOTION TO STRIKE #147
This Motion to Strike brought by the third party defendant U.S.F. G. attacks counts 7 and 10 of the third party complaint dated June 3, 1994, filed by the defendants against this movant, U.S.F. G, and an additional third party defendant Travelers Insurance Company. The third party plaintiffs (hereinafter "Plaintiffs") claim in count 7 that the third party defendant U.S.F. G. (hereinafter "Defendant") violated the provisions of the Connecticut Unfair Insurance Practices Act, CUIPA, and in count 10 a violation of the Connecticut Unfair Trade Practices Act, CUTPA. The Defendant claims that neither count 7 or count 10 allege facts sufficient to sustain a violation of either CUIPA or CUTPA. This court agrees with the Defendant.
Count 7
In paragraph 8 and 9 of the seventh count, the Plaintiff alleges that the Defendant has not paid the Plaintiffs' claim and has failed to defend or indemnify him. The Plaintiff claims these acts are a violation of § 38a-816(1) and (6) of CUIPA. This statute provides, in pertinent part that:
 The following are defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:
 (1) Misrepresentations and false advertising of insurance policies. Making, issuing or circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement, sales presentation omission or comparison. . .
 6) Unfair claim settlement practices. Committing or performing with such frequency as to indicate a general business practice. . . CT Page 1193
There are no allegations of facts to substantiate a violation of § 38-816(1). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged". (citations omitted.)Novametrix Medical Systems, Inc, v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). As to the alleged violation of § 38-816(6), there were no facts alleged that the acts were "performed with such frequency as to indicate a general business practice." In Mead v. Burns, 199 Conn. 651, 509 A.2d 11 (1986), our Supreme Court stated, "a single failure to conduct a reasonable investigation of an insurance claim, in the absence of a general business practice does not constitute a violation of CUIPA. . ." Id. 663-64.
Count 10
In the tenth count of the complaint, the Plaintiff alleges the failure to pay the claim (paragraph 8), and the failure to defend and indemnify (paragraph 9), constitutes a violation of the duty of good faith and dealing, and that these violations were in accordance with the Defendants' general policy and business practices and therefore a CUTPA violation. In Mead v.Burns, supra, 199 Conn. 665-66, the court held "isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention." Id. 665-66. The Plaintiffs argue that they have alleged several violations which they conclude are sufficient to constitute a violation of public policy. The court in Agilar v. United National Insurance Company,825 F. Sup. 456 (1993) stated "[although the plaintiffs allege several ways in which defendant engaged in unfair settlement practices, the allegations are all based on the defendants denial of the plaintiffs' one claim for insurance coverage. `[T]hese actions are in reality one act on the part of [the insurer]. There is only one [insured] involved . . . and one insurance policy.'" Id., 458.
The Plaintiff also claims the that Defendants' breach of contract is a CUTPA violation. There are several superior court decisions, which this court agrees with, that hold that a breach of contract does not constitute a CUTPA violation. See EmleeEquipment Leasing Corporation v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 595 A.2d 951 (1991, Blue, J.); LaMonte v. Rice,
3 Conn. L Rptr 189 January 30 1991, (Aronson, J.); CentralDelivery Service of Washington, Inc. v. People's Bank,
CT Page 1194 2 Conn. L Rptr 449 (October 1, 1990, Goldberg S.J.); Jarasek v. ChryslerHouse Associates Limited Partnership, 4 CSCR 73 (December 2 1988, O'Connor, J.). This court agrees that a simple breach of contract is not in and of itself a violation of CUTPA.
The third party Defendant U.S.F. G's motion to strike counts 7 and 10 of the third party complaint dated June 3, 1994 is granted.
PELLEGRINO, J.